Curtin, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 5, report by the trial judge of his denial of the plaintiff’s motion to dismiss the defendants’ appeal.
The action arose from a motor vehicle accident on September 17, 1995. Plaintiff Luis Arequipeno (“Arequipeno”) and his passenger, Nelson Baez (“Baez”), allegedly sustained injuries when their vehicle collided with a taxi operated by defendant Rentville Hall (“Hall”) and owned by defendant Orient Enterprises, Inc. (“Orient”). Baez commenced suit against Hall, Orient and Arequipeno on April 5, 1996 (Brighton Division #9608-CV-0106). Eight months later, Arequipeno filed this action against Hall and Orient (Brighton Division #9608-CV-0358).
Arequipeno’s motion to consolidate the two cases was allowed on October 1, 1997, and the actions were tried together on March 10, 1999. In a single decision issued on April 15,1999 and captioned “Findings of Fact, Rulings of Law & Order for Entry of Judgment,” the trial judge found in favor of both plaintiffs and assessed damages for Baez in the amount of $9,050.00 and for Arequipeno in the amount of $7,200.00. The trial court clerk prepared separate judgment forms for each plaintiff and, on April 22, 1999, entered judgment on the separate dockets of each case.
A few days before the trial, the defendants’ attorney of record was apparently hospitalized for a serious illness from which he died a few months later. The defendants were represented at trial by substitute counsel from the original attorney’s firm. The docket recites that on May 7,1999, fourteen days after judgment, defendant Hall attempted to file a pro se notice of appeal, and was mistakenly advised by a trial court clerk that he had thirty days for such filing and should seek the advice of counsel. On May 18, 1999, a notice of appeal signed by the defendants’ original attorney, who was apparently still hospitalized, was filed. The notice bore the captions of both the Baez and Arequipeno actions, but listed only the Baez case docket number. The notice of appeal was served on Baez’s counsel, and on a former attorney of Arequipeno’s rather than the attorney who represented him in this action.
One day later, Arequipeno’s counsel, who was unaware of the notice of appeal, filed a request for execution, which was issued on May 25, 1999. On June 4, 1999, Baez moved to dismiss the defendants’ appeal as untimely, and the defendants subsequently filed a Dist./Mun. Cts. R. A. D. A., Rule *98 14(b),[2] motion for an extension of time. Arequipeno’s attorney was served with the Baez motion, but was not notified of the defendants’ Rule 14(b) request. On June 29,1999, the trial judge allowed the defendants’ extension motion on a finding of excusable neglect. Arequipeno’s attorney, who was unable to levy on the execution because of the defendants’ appeal, filed a motion to dismiss the appeal on July 26, 1999. That motion, which is the subject of the Rule 5 report before us, was denied after hearing on August 19, 1999.
1. Arequipeno’s motion presented two specific grounds for dismissal of the defendants’ appeal: (1) that their notice of appeal did not include the docket number of the Arequipeno case and (2) that the notice was not served on Arequipeno’s counsel of record.[3] The first asserted ground did not require dismissal, and we concur with the trial judge’s treatment of the notice of appeal as encompassing both the Baez and Arequipeno actions.
Pursuant to Dist./Mun. Cts. R. A. D. A., Rule 3(b), cases may be consolidated for appeal not only by order of this Division or upon a party’s motion, but also upon stipulation of the parties. The two actions in question had been consolidated upon Arequipeno’s own motion, with no reservation that the cases be combined for the purposes of trial only. While consolidation does not generally effect a merger of cases into a single action, consolidation combines cases for “convenience and economy in administration.” Tinkham v. Jenny Craig, Inc., 45 Mass. App. Ct. 567, 573 n.8 (1998), quoting from Lumiansky v. Tessier, 213 Mass. 182 (1912). There is no practical reason for the parties or the trial court to have anticipated that the “economy in administration” of these cases would not properly continue through the appellate level. As noted, these cases arose out of the same accident, involved the same parties, were tried together at Arequipeno’s request and were the subject of a single order for judgment. Arequipeno was a party in both actions. Under these circumstances, the defendants were not obligated to file two separate appeals of the cases. While their notice of appeal should have *99 included both case docket numbers, the notice clearly set forth the full caption of the Arequipeno action as well as the Baez action and, as the trial judge ruled, effectively served as a notice of appeal of both cases.
2. The defendants’ failure to serve Arequipeno’s counsel of record is, of course, of greater significance. It is undisputed that Arequipeno was entitled to notice of the defendants’ appeal, and that the defendants were required by Dist./Mun. Cts. R. A. D. A., Rule 13(b), to serve their notice of appeal on all other parties. However, both an appellee’s motion to dismiss an appeal and an appellant’s Rule 14(b) motion for an extension of time to avoid dismissal are addressed to the trial judge’s broad discretion. Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77 and cases cited. Given the grave illness of defendants’ counsel of record and his continuing hospitalization, the judge’s finding of excusable neglect in, or good cause for, the defendants’ failure to file a timely notice of appeal in this case did not constitute an abuse of discretion. Moreover, the same considerations would also have supported a finding of good cause for the defendants’ mistaken service of the notice of appeal on a former attorney of Arequipeno’s rather than his attorney of record. The legitimate and sudden illness of a litigant or counsel is a familiar and often sufficient basis for excusing procedural neglect or noncompliance.[4] See, e.g., Monahan v. Washburn, 400 Mass. 126, 129 (1987); Botsaris v. Botsaris, 26 Mass. App. Ct. 254, 256 (1988); Continental Data Corp. v. Old Colony Group Leasing, Inc., 1993 Mass. App. Div. 44, 46. See also Westinghouse Elec. Supply Co. v. The Healy Corp., 5 Mass. App. Ct. 43, 62 n.35 (1977). In short, we cannot find that Arequipeno has satisfied his burden on this appeal, Barrett v. Pereira, 1997 Mass. App. Div. 45, 46, of establishing that the trial judge’s denial of his motion to dismiss was a ruling which “no conscientious judge, acting intelligently, could honestly” have made, amounting to an abuse of judicial discretion. Oldham v. Nerolich, 389 Mass. 1005, 1006 (1983). See generally Bartlett v. Greyhound Real Estate Finance Co., 41 Mass. App. Ct. 282, 291 n.12 (1996); Miller v. Scannell, 1997 Mass. App. Div. 166, 168.
Accordingly, the denial of plaintiff Arequipeno’s motion to dismiss the defendants’ appeal is affirmed.
So ordered.

 The defendants’ motion was incorrectly labeled as one pursuant to Rule 4(c), rather than Rule 14 (b). A motion under Rule 4 (c) for an extension of time for filing a notice of appeal must be filed in the trial court within twenty days of the entry of judgment. Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 95. After that time, any motion for an extension for a notice of appeal is properly brought under Rule 14(b). However, as the standards of “excusable neglect” for Rule 4(c) motions and “good cause” for Rule 14 (b) motions are roughly equivalent, Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989), there was no error in the trial judge’s allowance of the defendants’ motion despite its erroneous Rule 4(c) designation.

 Arequipeno also argues in his brief that the defendants’ notice of appeal should have been dismissed because it failed to comply with that portion of Dist./ Mun. Cts. R. A. D. A., Rule 3(c) (2), requiring a “concise statement of the issues of law presented for review;...” Neither Arequipeno’s dismissal motion, nor the trial judge’s ruling, makes reference to this argument, and we decline to consider any issue raised for the first time on appeal. See Peerless Ins. Co. v. Boyle, 422 Mass. 1011, 1012 (1996); Ross v. Health & Retirement Prop. Tr., 46 Mass. App. Ct. 82, 86 n.6 (1998); Baybank v. DiRico, 1996 Mass. App. Div. 30 n.1. We note briefly that “a complete omission of any statement of issues in a notice of appeal may well ... result in a forfeiture of any right to appellate review,” Pettie v. The Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 42, particularly in a Rule 8A or 8B appeal. With respect to Rule 8C appeals, however, Rule 3(c) states: ‘The statement of issues of law required in section (c) (2), above, shall not prevent the statement of additional or alternative issues for appeal as provided in Rule 8C, below.” The defendants’ appeal in this case was brought under Rule 8C.

 It is essential to note, however, that the erroneous information given to the defendants on May 7, 1999 by a clerk in the trial court would not have afforded them any basis for avoiding dismissal of their notice of appeal. “[Rjeliance on a clerk’s incorrect legal advice is not a form of neglect considered excusable.” Jones v. Manns, 33 Mass. App. Ct. 485, 492 (1992). See also Brown v. Quinn, 406 Mass. 641, 645 (1990); Krupp v. Gulf Oil Corp., 29 Mass. App. Ct. 116, 119 (1990).