Barrett, J.
Plaintiff/appellee (“Girard”) filed this action for personal injury claiming defendant/appellant (“Krupnick”) was negligent. The matter was tried and judgment entered for Girard. Krupnick filed a motion to enlarge time to file his appeal, which motion was denied. He appeals the denial of that motion, claiming that denial was an abuse of discretion. We disagree and dismiss the appeal.
Girard filed her action against Krupnick on September 14, 2001, claiming she was injured on his property after falling on an unnatural accumulation of snow and ice. Krupnick had originally retained Massachusetts counsel but that counsel was replaced on December 2, 2002 by present counsel, Attorney Wacks (‘Wacks”), with offices in Florida.[1] The case was tried on December 13 and 17, 2002, jury waived, before Dawley, J.[2] On February 26, 2003, present counsel for Krupnick filed a notice of change of address with the court. On February 28, 2003, Judge Dawley filed a Memorandum of Decision and Order for Judgment which was received by counsel.[3] On March 21,2003, judgment entered for Girard, with notice to counsel.[4] Wacks denies receiving the judgment, but Krupnick’s prior counsel, Attorney Dray (“Dray”), did receive it.[5] On August 29, 2003, Dray, in response to an inquiry from Krupnick’s son, forwarded a copy of the judgment to him, which the son then sent to Wacks. On September 8, 2003, Krupnick filed an emergency *175 motion for enlargement of time to file his appeal. The motion was denied on September 15, 2003 with the notation, “The defendant has not presented any unique or extraordinary circumstances warranting the allowance of this motion.” The issue for this court is whether the motion judge abused his discretion in denying this motion. We think he did not.
Notice of appeal must be filed within ten days after entry of judgment. Dist./ Mun. Cts. R. A. D. A., Rule 4(a). An extension of ten days is permitted upon a showing of excusable neglect or for other good reason. Id., Rule 4(c). Under Dist./Mun. Cts. R. A. D. A., Rule 14(b), either the trial court or the Appellate Division, “for good cause shown,” can further extend the time for filing a notice of appeal to a maximum of 180 days from the entry of judgment.
Determining “good cause,” which is akin to “excusable neglect,” is a judicial function requiring the exercise of judicial discretion. Lawrence Savings Bank v. Garabadien v. DiMinico, et al., 49 Mass. App. Ct. 157, 161 (2000); Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 419 (1989). Decisions on requests for extension of time are reviewed for abuse of that discretion. Lawrence Savings Bank, supra, at 161; Standard Register Co. v. Bolton-Emerson, Inc., 35 Mass. App. Ct. 570, 573-574 (1993) (abuse found when, after clerk’s error in docketing judgment, appeal filed only a few days late was disallowed). Good cause has been defined as the existence of “unique or extraordinary circumstances,” Lawrence Saving Bank, supra, at 161, not simply a mistake, inadvertence or “garden variety oversight.” Mailer v. Mailer, 387 Mass. 401, 406 (1982). Judicial discretion is not abused unless it is exercised in an arbitrary, capricious or whimsical fashion. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433 (1979), citing Davis v. Boston Elev. Ry., 235 Mass. 482, 496 (1920). The party claiming abuse bears the heavy burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have made the same decision. Commonwealth v. Jones, 373 Mass. 423, 426-427 (1977); Commonwealth v. Bys, 370 Mass. 350, 361 (1976). We will not reverse a judge’s decision “except upon a showing of a clear abuse of discretion.” Scannell v. Ed. Ferreirinha Irmao, Lda., 401 Mass. 155, 158 (1987); Chu Tai v. City of Boston, 45 Mass. App. Ct. 220, 224 (1998). And while another judge may have come to a different conclusion, the standard for appellate review is not “substitute judgment,” Scannell, supra, at 160, but one of “marked deference” to the motion judge. Berube, supra, at 434; Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n., 399 Mass. 886, 894 (1987). It is enough that a judge could have denied this motion within the bounds of his discretion; beyond that, appellate inquiry will end. Scannell, supra, at 160. Deference to the motion judge is appropriate because he is best positioned to assess the merits of the motion. Berube, supra, at 434.
Krupnick’s motion to enlarge time was filed on the 171st day after entry of judgment. His argument that he was disadvantaged and not able to timely file a notice of appeal because he did not receive the actual notice of judgment would be much stronger had he not received the Memorandum of Decision and Order for Judgment (emphasis added) on March 3, 2003. For while it is the ministerial act of actually entering judgment by the clerk that starts the appellate clock running, Department of Revenue v. Mason M., 439 Mass. 665, 673 (2003), the final sentence of the judge’s order “... judgment is to enter for the plaintiff in the amount of $81,702” was certainly notice to Krupnick that judgment would soon enter and he should be prepared to file and pursue his appeal in the near future. See Lewis v. Emerson, 391 Mass. 517, 520 (1984) (judge’s memorandum can function as a judgment where the “judgment is visually distinct from other parts of the document in which it is contained, *176 such that no confusion can exist concerning its import, and the judgment is noted on the court’s docket.”). We are not ruling that the memorandum here suffices for the judgment, but Krupnick’s waiting more than five months to inquire about the status of the “notice of judgment” when he knew the result and knew judgment was ordered to enter in early March could be seen as neglectful. Such lassitude does not, in short, qualify as “good cause.” We do not reach the issue of whether or not Krupnick’s appeal was meritorious, as we presume the motion judge considered that issue along with all other issues and evidence presented and argued at the motion hearing. Commonwealth v. White, 429 Mass. 258, 264 (1999).
While another judge may have acted differently with respect to this motion, as we have said, that is not the test on appeal. This judge acted well within the bounds of his discretion. Accordingly, Krupnick’s appeal is dismissed.
So ordered.

 Defendant was first represented by David L. Dray of Hull. On October 11, 2002, Chester L. Tennyson of Weymouth appeared as co-counsel for Krupnick. His request to withdraw was denied on November 27, 2002. On December 2, 2002, Krupnick’s present counsel was admitted pro hac vice, replacing both Dray and Tennyson.

 Judge Dawley is a member of this Appellate Division. He recused himself from this appeal and did not participate in deliberations leading to this decision.

 Wacks acknowledges receipt of this Memorandum and Order on or about March 3,2003.

 The docket entry reads “Notices sent” which this court takes to mean that both counsel were notified.

 Girard argues that Dray’s receipt of the judgment was sufficient notice to Krupnick because Dray was still record counsel, along with Wacks. This Court finds that argument unpersuasive. Krupnick sought to replace both counsel on December 2, 2002. Once Wacks appeared as counsel, Dray had no further contact with this case. When he received a copy of the judgment on or about March 21, 2003, he did nothing with it because he felt no further obligation to Krupnick.