Welsh, J.
A trial court clerk dismissed the plaintiffs timely-filed appeal on the basis of an alleged failure to take timely subsequent action to perfect the appeal. The plaintiffs motion to reinstate the appeal was denied after a judicial hearing. We hold that the appeal should not have been dismissed.
Plaintiff MCS Enterprises, Ltd., operating as North Atlantic Kenworth (“Ken-worth”), is in the business of servicing and repairing trucks. Defendant William P. Henry (“Henry”) leased a truck to one Nicholas, who brought the truck to Ken-worth’s place of business for repairs. When Nicholas refused to pay for the repairs, Kenworth commenced this action to establish a lien on the truck for the costs of the repairs and to obtain an order authorizing the sale of the truck. G.Lc. 255, §§25,26.[3] Henry asserted that as he had never given his consent, as owner, to the repair work, Kenworth was not entitled to a lien on the truck. He counterclaimed for Kenworth’s conversion and G.Lc. 93A violations in refusing to return the truck upon demand.
The parties filed cross-motions for summary judgment. The judge denied Ken-worth’s motion, essentially ruling that without Henry’s consent to the repairs, no valid lien existed. The judge also allowed Henry’s cross-motion and ordered summary judgment against Kenworth on Henry’s counterclaims.
The summary judgment orders were docketed on April 22,2003. After a denial of Ken-worth’s motion for reconsideration and a later hearing for the assessment of damages, judgment was finally entered on March 2,2004. Kenworth filed a timely notice of appeal and filing fee within ten days of the entry of judgment Dist/Mun. Cts. R A D. A, Rule *73 4(a). On March 24,2004, Kenworth properly selected a method of appeal by filing a Dist/ Mun. Cts. RAD.A, Rule 8A, expedited appeal within the twenty-day period prescribed by Rule 8A(a). That expedited appeal was automatically terminated trader Rule 8A(b), however, upon Henry’s filing of a written statement of objections on March 31,2004.[4]
On April 13, 2004, within thirty days of the termination of its expedited appeal, Kenworth correctly filed an “appeal on the record of proceedings” pursuant to Rule 8C(b).[5] On April 22,2004, in full compliance with Rule 8C requirements, Ken-worth filed a Rule 8C(c) © Designation for Transcription indicating that the entire contents of the cassettes would be transcribed and listing the name and address of the transcriber selected by agreement of both parties. Affidavits by Kenworth’s attorney and the transcriber, duly filed in the trial court, indicate that Kenworth mailed the cassette tapes to the transcriber on April 12, 2004 with a transcription order directing that the transcript originals be filed with the trial court clerk. The transcriber prepared the transcripts and forwarded the originals to the clerk’s office on April 22, 2004. Kenworth mailed an additional copy of the transcripts to the clerk’s office on April 26,2004, and served a copy on Henry’s attorney on April 27,2004. There is no entry on the docket of the receipt of either set of transcripts.
Anticipating that six copies of the “appeal on the record of proceedings” would next be required by Rule 8C(g) for transmittal of the appeal to the Appellate Division, Ken-worth filed the copies on May 4,2004.[6] Kenworth’s counsel averred that he made sub *74 sequent telephone calls to the clerk’s office to ascertain whether the appeal had been forwarded to the Appellate Division. No information was available. On October 6, 2004, without prior notice to Kenworth or an opportunity for it to be heard, the trial court clerk entered the following order: “Appeal not completed timely - appeal dismissed.”
At an October 25, 2004 judicial hearing on Kenworth’s subsequent motion to reinstate the appeal, Kenworth introduced the affidavits of its counsel and the transcriber to substantiate its full compliance with Rule 8C requirements. The trial court clerk stated only that the transcripts were not in the case file.[7] At the judge’s request, Kenworth exhibited the additional transcript copies he had brought to the hearing so that the clerk would know what to look for. The judge concluded the hearing by indicating that clerk’s office personnel would continue to search for the transcripts. Kenworth’s motion to reinstate the appeal was denied on October 28,2004. This Rule 8C appeal followed.[8]
A trial court clerk has no authority to dismiss an appeal for non-compliance with procedural rules. The role of the clerk’s office in the processing of appeals is primarily, if not exclusively, ministerial. Gorod v. Tabachnik, 428 Mass. 1001 (1998). Conversely, it is established that a trial judge has the inherent authority to dismiss a non-complying appeal, either sua sponte or upon motion by the appellee. Crystal Construc. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002), citing Mociuca v. Papil, 31 Mass. App. Ct. 540, 544 (1991); Norfolk Financial Corp. v. Wynn, 2002 Mass. App. Div. 192; Associated Chiropractic Serv., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 190-191. If an appeal has been timely filed and the requisite filing fee paid (or excused upon a finding of indigency), a judicial hearing is required to determine if the appellant’s procedural missteps are sufficiently egregious to warrant appeal dismissal. Schulte v. Director of Div. of Employ. Security, 369 Mass. 74, 79 (1975). The error or omission must be “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Id. While the question of dismissal generally rests within the judge’s discretion, Arequipeno v. Hall, 2000 Mass. App. Div. 97, 99, an appeal should not be dismissed if the appellant’s misstep is “relatively innocuous,” Schulte, supra, at 79, or if the flaw or non-compliance is not due to a failure or neglect attributable to the appellant. Hawkins v. Hawkins, 397 Mass. 401, 408 (1986).
There was no evidence before the motion judge of any neglect or delay by Ken-worth, or of any fatal defects in Kenworth’s appeal. Kenworth’s notice of appeal and Rule 8C appeal on the record of proceedings were filed within prescribed time periods. The clerk’s opinion that the appeal was “not completed timely” seems to have been based solely on the arguable assumption that if the transcripts were missing from the case file, they could not have been timely filed by Kenworth. There is nothing in the rules governing an appeal to this Division, however, which establishes a specific time limit for filing the original transcript in the trial court. Moreover, while an appellant must proceed with “reasonable dispatch,” Moeder v. Tolczyk, 2001 Mass. App. Div. 69, 71, at every stage of the appeal process, the detailed affidavit of Kenworth’s attorney demonstrated that Kenworth acted *75 promptly in taking every necessary step to obtain, file and serve the transcripts in this case.[9]
The transcriber’s affidavit unequivocally stated that she mailed the original transcript to the trial court clerk on April 22, 2004. Kenworth’s attorney averred that he forwarded additional copies to the trial court clerk on April 26,2004. Those affidavits were uncontroverted. See Farley v. Sprague, 374 Mass. 419, 425 (1978) (motion judge required to accept as true unrebutted factual assertions as to lack of proper service in movant’s affidavit in support of request for relief from judgment). Indeed, Henry has affirmatively stated that he has no information which would contradict Kenworth’s attorney’s affidavit. Nor has Henry ever denied receiving the transcript copies Kenworth’s attorney averred that he served on Henry on April 28, 2005. There was, in short, no showing or even suggestion of any prejudice to Henry resulting from the missing transcripts or the ensuing delay in forwarding the appeal to this Division. There was no evidence of any lack of diligence by Kenworth in prosecuting this appeal, or of any non-compliance with procedural rules.
The denial of Kenworth’s motion to reinstate its appeal is reversed. Kenworth is directed to file a duplicate transcript in the trial court within thirty days of the date of this decision, and the trial court clerk is ordered to transmit forthwith to this Appellate Division six copies of the docket entries and six copies of Kenworth’s “appeal on the record of proceedings” in compliance with Rule 8C(g).
So ordered.

 Section 25 of G.Lc. 255 provides: “Persons maintaining public garages for the storage and care of motor vehicles brought to their premises or placed in their care by or with the consent of the owners thereof and persons engaged in performing work upon or in connection with the inspection, reconditioning and repairing of motor vehicles shall have a lien upon such motor vehicles for proper charges due them for the storage, work and care of the same.”

 Rule 8A(b) provides that upon an appellee’s bad faith or frivolous objection to an expedited appeal, an appellant may file a motion in the Appellate Division for Dist/Mun. Cts. R A D. A, Rule 26, costs. Kenworth has not filed a motion for such sanctions.

 A Rule 8C (b) “appeal on the record of proceedings” is a single-page document that sets forth the appellants intention to proceed under the Rule 8C “method of appeal” and, if not previously included in the notice of appeal, his request for a cassette copy of the electronic recording of the trial court proceedings. Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77, 77-78. Kenworth had filed an earlier cassette tape request; and actually received the cassettes from the trial court on or about April 5,2004.

 Rule 8C(g) provides, in pertinent part: “Within thirty days after notice from the trial court clerk of receipt of the transcript from the transcriber... the appellant shall file six additional copies of the Appeal on the Record Of Proceedings. Upon receipt of said copies, the clerk shall transmit them along with six certified copies of the docket entries to the Appellate Division.” The transcript original, which must be filed by the transcriber in the trial court under Rule 8C(c) (3), is retained by the trial court clerk and is not forwarded to the Appellate Division.
The six copies called for by Rule 8C(g) are of the “appeal on the record of proceedings”; that is, the one-page document initially filed by the appellant to designate his selection of a Rule 8C method of appeal. Rule 8C(g) does not require or permit the filing of six copies of the transcript in the trial court. Pursuant to Rule 18(a), the transcript is part of the appendix, and the appendix is filed with the appellant’s brief. Rule 19(a) requires that the appellant’s brief on a Rule 8C appeal be filed in the Appellate Division, not the trial court, within thirty days of the Appellate Division’s notice to the parties of its receipt of the appeal from the trial court. An appellant’s premature and incorrect filing of six transcript copies in the trial court unfairly visits upon the clerk the burden and expense of packaging and mailing to the Appellate Division what may consist in a given case of multiple transcript volumes thousands of pages in length. A trial court clerk’s mistaken demand for six transcript copies at the Rule 8C(g) stage unnecessarily delays transmittal of the appeal to the Appellate Division, and unduly complicates the subsequent preparation of an appendix by the appellant, who must retrieve the transcript copies from the Appellate Division or have new copies made.

 No transcript of this hearing is included in the record. However, the proceeding is described in an uncontroverted affidavit by Kenworth’s attorney.

 Kenworth attempted to appeal under Rule 8A, but his expedited appeal was again terminated by Henry’s filing of written objections. No motion for Rule 26 costs has been filed. Kenworth sought review by a Single Justice of the Supreme Judicial Court, but his G.L.c. 211, §3 petition was denied. While neither the petition, nor the order, is before us, it is likely that extraordinary relief was denied because of the availability of an adequate, alternative remedy, Driscoll v. T. R. White Co., 441 Mass. 1009, 1010 (2004), in the form of an appeal to this Division.

 An appellant’s duty is fulfilled when he promptly requests and obtains the cassette tapes from the trial court; designates the portions of the tapes to be transcribed; delivers the tapes and a transcription order to the transcriber mutually agreeable to both parties or designated by the clerk; directs the transcriber to file the transcript original in the trial court; makes appropriate arrangements for payment; and cooperates with the transcriber, as needed, by providing whatever information is necessary to facilitate transcription. Kenworth’s affidavit establishes that he satisfied these requirements. Beyond taking these steps and as a practical matter, an appellant must rely on the transcriber over whom he may have little control to complete transcription as expeditiously as possible. We note that in this case, the transcriber produced the transcripts in only ten days’ time.