Cote, J.
This is an appeal by defendant Bruce Ross (“Ross”) on the record of proceedings as provided in Dist/Mun. Cts. R. A. D. A., Rule 8C. The plaintiff, Pipe Plus, Inc. (“Pipe Plus”), sought recovery against the corporate defendant, C & B Construction Management, Inc. (“C & B”), for goods sold and delivered. It also sought recovery against Ross, C & B’s president, in his individual capacity and as guarantor of C & B’s debt to Pipe Plus. Following a bench trial, the presiding judge entered a finding for the plaintiff against both defendants and awarded damages in the amount of $10,041.23, plus interest and costs. Ross appealed on the grounds that the trial judge committed prejudicial error in basing his decision on a credit application that was not admitted into evidence. Pipe Plus responded that Ross had waived his right of appeal by failing to file a timely notice of appeal. For reasons stated below, we accept Ross’ appeal and order that judgment enter in favor of the appellant.
1. The trial was held on August 24,2004. Judgment entered in favor of the appel-lee on December 14, 2004. Ross filed a Motion to Alter or Amend Judgment 16 days later and a notice of appeal 21 days later. Without first filing a motion to extend time for late filing, Ross filed a second notice of appeal 13 days following denial of his post-trial motion. The appellee first raised the timeliness issue in its appellate brief. Ross countered by moving for an extension of time to file his second notice of appeal, nunc pro tunc, 183 days following denial of his motion to alter or amend judgment.
The Trial Court or Appellate Division for “good cause” shown may, upon motion, enlarge the time prescribed by the Appellate Division rules, provided that the “time for filing a notice of appeal may not be enlarged beyond 180 days from the date of entry of the judgment or order sought to be reviewed.” Dist./Mun. Cts. R.A.D.A., Rule 14(b).
Under Rule 14(b) a party’s right to file a notice of appeal is terminated 180 days following the entry of judgment or post judgment order. However, Rule 14(b) does not terminate the jurisdiction of an appellate court to consider and allow a motion to enlarge time for filing a notice of appeal, nunc pro tunc. The fact that more than 180 days have elapsed since the denial of the motion does not mean that the Appellate Division is precluded from granting relief, nunc pro tunc, if the notice has been filed within the 180-day time limit. See Commonwealth v. White, 429 Mass. 258 (1999) for analysis of analogous Mass. R. A. R, Rule 14(b).
Ross filed his Second Notice of Appeal within 180 days of the denial of his *97 Motion to Alter or Amend Judgment and entry of judgment. We note, moreover, that the record of the appellant’s appeal was assembled by the trial court clerk and the appeal was docketed without objection. Accordingly, the appellant’s motion to extend time for filing his second notice of appeal, nunc pro tunc, is granted.
2. During the trial, Pipe Plus’ attorney attempted to introduce into evidence a credit application allegedly executed by Ross to prove his personal liability for the corporate debt. The trial judge sustained defense counsel’s objection to the admissibility of the credit application on the basis that the signature on the document had not been properly authenticated. The Plaintiff’s subsequent attempt to introduce a faxed copy of the credit application allegedly signed by Ross met the same fate.[2] The plaintiff rested a short time later without asking the trial judge to reconsider his ruling on the admissibility of the credit application or to otherwise preserve its appeal rights on the issue. That should have ended any further inquiry into Ross’ liability for the corporate debt. It did not. In deciding the case, the trial judge found that Ross’ failure to deny the authenticity of his signature on the credit application in his answer to the plaintiff’s complaint constituted an admission thereof and found Ross liable for the corporate debt.
The trial judge’s change of course on the admissibility of the credit application, after the record had been closed, prejudicially denied Ross the opportunity to test its evidentiary competence and to illuminate its significance. Kimble Fisher, supra, at 479. Moreover, the trial judge misapplied Rule 8 (b) as a vehicle for establishing the authenticity of Ross’ signature on the credit application.[3]
Pleadings in a civil action are not of themselves evidence. They are no more than allegations that bind the party making them. See G.L.c. 231, §87. Rule 8(b), providing that “[t]he signature to an instrument set forth in any pleading shall be taken as admitted unless a party specifically denies its genuineness,” does not establish a burden of persuasion or production of evidence, but instead deals only with pleading. P.J. Liacos, M.S. Brodin, M. Avery, Handbook of Massachusetts Evidence, §5.3.1 (c) (7th ed. 1999). Accordingly, a defendant’s failure to deny the genuineness of his signature in a pleading is an admission, which makes *98 the instrument admissible as evidence without further proof. A party seeking admission of the document cannot sit back and rely on the pleadings alone. If Rule 8(b) is relied upon to authenticate the document, the pleading in which the document is set forth, as well as the responsive pleading in which the document’s genuineness is purportedly not specifically denied, should be read into the record. The trial judge should then review the pleadings and determine if the requirements of the rule have been met. This protocol is analogous to offering into evidence responses to requests for admissions pursuant to Mass. R. Civ. R, Rule 36(a). “[T]he existence of facts developed in a response to a request for admissions requires introduction into the record in order for the party who relies upon it to obtain its benefit, including, of course, reference to it on appeal. To use an admission at trial, one merely reads it into the record prior to the close of the evidence,’ at which time the opposing party may test the ability of the admission to withstand evidentiary objection. Smith and Zobel, Rules Practice §36.9 (1975).” Kemble Fisher Realty Trust v. Board of Appeals of Concord, 9 Mass. App. Ct. 477, 479 (1980). Compare G.L.c. 106, §3-308 (Uniform Commercial Code - Proof of signatures and status as holder in due course). The appellee’s failure to offer the relevant pleadings into evidence barred the trial court from reconsidering the admissibility of the credit application pursuant to Rule 8(b).
Accordingly, it is ordered that judgment enter in favor of Bruce Ross on Count IV.
So ordered.

 (Transcript pages 15 -17) - Plaintiffs attorney: “I’d like to move to mark [the credit application] as Exhibit 1, your Honor.” Trial Judge: “Any objection?” Defendant’s Attorney: “Yes, your Honor, only to the effect any conclusion that it was Mr. Ross.” Trial Judge: “Thank you. Then I’ll mark it as Exhibit A for identification only and the objection is being sustained.” [The plaintiff then attempted to introduce a faxed copy of the credit application]. Plaintiff’s Attorney: ‘Your Honor, I’d like to move to put this document in evidence.” Trial Judge: “Is there an objection?” Defendant’s attorney: “Same objection, your Honor, as to Mr. Ross.” Plaintiff’s Attorney: ‘Your Honor, if I could be heard on this?” Trial Judge: “Go ahead.” Plaintiff’s Attorney: ‘Your Honor, I believe my brother’s objecting to it because he says it’s not Mr. Ross’ signature, if I understand his objection correctly. This was a business document initially created by Pipe Plus. While we’ve alleged that it’s been filled out by Mr. Ross and that is an issue in which the Court will rule on, it’s also a document which my client is basically saying he relied on by the conduct of Mr. Ross by filling it out and giving it to him or taking action that, action being the extension of credit.” Trial Judge: “Thank you. But the present state of the evidence, counsel, I’m going to sustain the objection and I’ll mark it as Exhibit B for identification only.”

 Ross’ request for ruling of law number 6 stated: “An individual will not be held responsible for a contract that is not signed by that person in their individual capacity, [case cited] ” The trial judge made the following finding: “Allowed, except the signature is admitted to be that of Ross since no specific denial was alleged in the answer as required by M.R.C.P., Rule 8(b).”