Coven, J.
Plaintiff Michael Frankston brought this suit to recover for increased construction costs that allegedly resulted when the defendants stopped performance of their work. The defendant, Cogefit, Ltd., counterclaimed for its lost profits. After a jury-waived trial, judgment was entered on August 6, 2003 for defendant Cogefit on the plaintiffs complaint and on its counterclaim.[2] On August 23, 2003, the court allowed the defendant’s motion to amend the judgment to correct interest. A timely Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal was then filed by the plaintiff. On March 8, 2007, over 42 months later, the defendant successfully moved to dismiss the appeal on the ground that the plaintiff had failed to obtain a transcript of the proceedings in a timely manner. The plaintiff now appeals the allowance of the defendanf s motion to dismiss.
The postjudgment chronology of this case is undisputed. Following the entry of the amended judgment, the plaintiff filed a notice of appeal on September 8,2003, and an “appeal on the record of proceedings” designating his selection of a Rule 8C method of appeal on September 12, 2003. One week later, on September 19, 2003, the trial court forwarded five audio cassette tapes of the trial to the plaintiff, who, in turn, responded with a timely designation for transcription on September 26, 2003. The designation indicated that the plaintiff would have all five cassette tapes transcribed in their entirety, and that he would use an out-of-State transcriber. The defendant agreed to the latter. The tapes were sent to the out-of-State transcriber, who experienced technical problems with the transcription. With the defendant’s assent, the plaintiff then selected a new transcriber. The docket does not reflect that an amended designation for transcription was filed.
The record does not indicate if the plaintiff neglected to forward the cassette tapes promptly to the second transcriber, if that transcriber was dilatory in completing the transcription, or what factor or series of factors caused the inordinate delay in this case. Because the plaintiff failed to file an affidavit in opposition to the defendant’s motion to dismiss his appeal, it is not known if the plaintiff took any steps to obtain a transcript after selecting the second transcriber and before the defendant’s dismissal motion was filed three and one-half years later.
At the motion hearing, the plaintiff, an attorney not then a member of the Massachusetts bar but licensed to practice in Georgia, stated that the delay could “best be described as an administrative failure on the part of [his] office staff’ in Georgia. The plaintiff indicated to the motion judge that he “very rarely” did anything at the time in Massachusetts without “consulting somebody who practice [d] more *204 regularly” and that “no one else in [his] office ha[d] the slightest notion [of] what happens in Massachusetts.”
Although compelled to acknowledge the extraordinary delay so clearly established by the record, the plaintiff nevertheless argues that his appeal should not have been dismissed because no notice of his own continuing procedural inaction was provided to him by the trial court, defendant’s counsel failed to contact him sooner to point out his own oversight, Rule 8C does not provide a time limit for transcription, the defendant did not suffer any prejudice, and the transcript was “promptly” produced once the defendant’s motion to dismiss the plaintiff’s appeal for lack of a transcript was filed more than 42 months after judgment was entered against him.
1. The plaintiff’s contention that the trial court clerk, or defendant’s counsel, was responsible to any extent for the plaintiff’s own delay is devoid of merit. It is well established that “[i]t is the obligation of counsel, not of the clerk, to monitor the progress of their cases.” Brown v. Quinn, 406 Mass. 641, 644 (1990). It is an equally rudimentary tenet of appellate practice that the duty to expedite an appeal falls squarely and exclusively on the appellant, Hawkins v. Hawkins, 397 Mass. 401, 408 (1986); Robinson v. Planning Bd. of Wayland, 23 Mass. App. Ct. 920, 921 (1986), not on the opposing party. Defendant’s counsel was, obviously, in no way obligated to prompt the plaintiff to perfect his own appeal.
2. Although the plaintiff correctly asserts that Rule 8C does not specify a time period for the completion of the transcription process, the absence of a time limit could not excuse the plaintiff’s delay of three and one-half years. The reason is that when no time limit is specified for the completion of an act, a “reasonable time” is implied. See Charles River Park, Inc. v. Boston Redevelopment Auth., 28 Mass. App. Ct. 795, 814 (1990) (reasonable time implied for contract performance); Patten v. Mayo, 23 Mass. App. Ct. 657, 659 (1987) (reasonable time implied to secure approval of Mass. R. A. P., Rule 8(c) statement); Niles v. Boston Rent Control Adm'r, 6 Mass. App. Ct. 135, 151 (1978) (reasonable time implied for filing statutory appeal). What constitutes a “reasonable time” period “is to be determined from the facts and circumstances of each particular case.” Id., quoting Commissioner of Corps. & Taxation v. City of Malden, 321 Mass. 46, 51-52 (1947).
A reasonable time for obtaining a transcript must, logically, be considered in the context of the Rule 8C procedural scheme of which the transcript is an integral component, and of those time periods that are specified in, or are a part of, that scheme. A Rule 8C appeal is commenced by the filing of an “appeal on the record of proceedings” within 30 days of the filing of a notice of appeal. Rule 8C(b). If not previously submitted, the appellant must include a request for an audio cassette of the trial in his Rule 8C designation. The trial court clerk is then required to order the cassette “forthwith” and then to notify the appellant “immediately” when the tape has been produced and is available to the appellant. Pursuant to Rule 8C(c) (1), the appellant then has only 15 days after receiving the cassette tape to file a designation for transcription and to send the tape to a transcriber. Within 30 days of notice by the clerk that the transcript has been received in the trial court from the transcriber, the appellant must file six additional copies of his “appeal on the record of proceedings.” Rule 8C(g). The clerk must “promptly” record the filing of those copies and transmit them to the Appellate Division. Rule 9. Upon receipt of the appeal, the Appellate Division must “promptly” notify the parties. Rule 10. The appellant then has 30 days to file his brief and the appendix. Rule 19(a); Rule 18(a). Thus, those rules governing the commencement and perfection of a Rule 8C appeal envision prompt, immediate, or forthwith action. The time periods that are specified are all 30 days or shorter.
It is unnecessary in this case to decide what would constitute the outside limit of a “reasonable time” for obtaining and filing a Rule 8C transcript. No rational *205 construction of Rule 8C would permit the conclusion on the record before us that the plaintiffs submission of a transcript more than three and one-half years after the entry of judgment against him satisfied the implicit Rule 8C requirement for the preparation and filing of a transcript within a reasonable time.
3. Having concluded that the plaintiff failed to comply with the requirements for perfecting his Rule 8C appeal, the dispositive issue is whether that noncompliance properly resulted in the trial court’s dismissal of the appeal.
When, as in this case, “an appeal has been timely filed and the requisite filing fee paid..., a judicial hearing is required to determine if the appellantss procedural missteps are sufficiently egregious to warrant appeal dismissal.” Schulte v. Director of Div. of Employ. Sec., 369 Mass. 74, 79 (1975). The error or omission must be “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Id. Although an appeal should not be dismissed if the appellants misstep is “relatively innocuous,” Id., or if the flaw or noncompliance is not due to a failure or neglect attributable to the appellant, Hawkins, supra at 408; MCS Enters., Ltd. v. Henry, 2005 Mass. App. Div. 72, 74, the question of dismissal generally rests within the judge’s discretion. Arequipeno v. Hall, 2000 Mass. App. Div. 97, 99.
There is nothing in the record to suggest that the plaintiff’s delay in this case resulted from any factor beyond his control, or was attributable to any cause other than his own neglect. As to the seriousness of his procedural noncompliance, it must be noted that the essence of a Rule 8C appeal is the transcript. It is only upon receipt of the transcript from the transcriber that a Rule 8C appeal is completed in the trial court, the appeal can be transmitted to the Appellate Division, and preparation may begin for the presentation of written and oral argument. The only rational construction of Rule 8C is that all procedural steps mandated for the perfecting of a Rule 8C appeal, including the transcription of the trial, must be completed expeditiously. That construction is consistent with general principles promoting the finality of judgment and recognizing that “[ajppellees ... are entitled to the progress of appeals with reasonable dispatch. ...” Associated Chiropractic Servs., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 191, quoting Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983). We conclude, therefore, that the plaintiff’s unexplained 42-month delay in obtaining the transcript was “so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Schulte, supra at 79. While the absence of prejudice to an appellee may be one factor generally to be considered in ruling on an appellee’s motion to dismiss a non-complying appeal, the appellant’s assertion of a lack of prejudice must be accompanied by a showing that his procedural misstep was not egregious. See Westinghouse Elec. Supply Co. v. Healy Corp., 5 Mass. App. Ct. 43, 5354 (1977).
As there was no abuse of discretion in the trial judge’s dismissal of the plaintiff’s appeal, the dismissal is affirmed.
So ordered.

 At the conclusion of the plaintiff’s case, his claim against a second defendant, Walter Ferme, was dismissed.