LoConto, PJ.
Following the entry of judgment in favor of the defendant and the denial of the plaintiff’s motion for a new trial, the plaintiff filed a notice of appeal to this Division and designated her selection of a Dist/Mun. Cts. R. A. D. A., Rule 8C, method of appeal. The plaintiffs subsequent delay in delivering the transcript to the trial court clerk and failure to comply with the requirements of Rule 8C(g) resulted in the allowance of the defendants motion to dismiss the plaintiffs appeal. After her combined motion for reconsideration of that ruling and for an extension of time to “docket” her appeal was also denied, the plaintiff filed this appeal.
The plaintiff, Angela Lashus (“Lashus”), commenced this motor vehicle tort action to recover for injuries she sustained in a rear-end collision allegedly caused by the negligence of the other driver, defendant Richard E. Slater (“Slater”).[3] Following trial, the jury returned a verdict for Slater. In response to special questions, the jury found that Slater’s negligent operation of his vehicle was not a substantial contributing cause of any damages. Lashus’ Mass. R. Civ. P., Rule 59(e), motion for a new trial was denied on June 5, 2007.
On June 11, 2007, Lashus filed a timely notice of appeal and a request for a cassette copy of the trial tape recording. Lashus failed, however, to pay the filing fee required by Dist/Mun. Cts. R. A. D. A., Rules 3(a) and 4(a) for the effective commencement of an appeal. The cassette tape was mailed to Lashus’ attorney’s office on June 19,2007. On June 28,2007, Lashus filed an “appeal on the record of proceedings” pursuant to Rule 8C(b). There is no indication on the trial court docket, or in the record appendix prepared by Lashus, that she then complied with Rule 8C(c) (1), which obligated her (1) to prepare and deliver a written order to the transcriber directing the transcriber, inter alia, to send the original of the transcript to the trial *90 court clerk, (2) to file a copy of such order in the trial court, and (3) to serve a copy on Slater.
The transcriber did not, in fact, send the transcript to the trial court, but instead mailed it to Lashus’ attorney on July 30,2007. The attorney then delayed more than two months, until October 10, 2007, before filing the transcript in the trial court. On the same date, the clerk immediately issued written notice to the parties of the court’s receipt of the transcript. Lashus then failed to file six copies of her Rule 8C appeal on the record of proceedings within 30 days of that notice as mandated by Rule 8C(g), thus preventing the transmittal of her appeal to this Division.
On November 21, 2007, Slater moved to dismiss the appeal for Lashus’ failure to prosecute it. A hearing on that motion before a second judge (not the trial judge) was conducted on December 7, 2007, and the matter was taken under advisement. Lashus delayed until the day of the dismissal hearing to file the six copies of her Rule 8C designation that had been due a month earlier, and to pay the filing fee required by Rule 4(a) to have been submitted no later than June 15, 2007, 176 days earlier. Lashus also failed to submit a Dist./Mun. Cts. R. A. D. A., Rule 14(b) motion for a court order permitting these late filings.
On December 12, 2007, Slater’s motion to dismiss Lashus’ appeal was allowed. Instead of filing a timely appeal of that ruling, Lashus waited until December 24, 2007 to file a combined motion to extend the time to “docket” her appeal and for reconsideration of the December 12, 2007 dismissal order. After a hearing on January 8, 2008, Lashus’ motion was denied. This appeal followed.
1. It is essential to note at the outset that Lashus’ failure to pay the required filing fee within the ten-day period prescribed by Rule 4(a) was alone sufficient to justify the dismissal of her appeal. Rule 3(a) expressly and unambiguously provides that an appeal to the Appellate Division “shall be taken by filing a notice of appeal together with the filing fee required by law... within the time allowed by Rule 4.” See generally Choice Health, Douglas Inv. Group, Inc. v. Devcon Enters., Inc., 2006 Mass. App. Div. 93, 94 n.4; Pettie v. Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 42. Lashus’ payment of the filing fee on December 7, 2007, six months after the expiration of the time for doing so, could not satisfy the requirements for commencing an appeal absent a Rule 14(b) order by the trial court or this Division permitting such an egregiously late filing. As noted, however, Lashus never moved under Rule 14(b) for an extension of time to pay the filing fee, much less advanced any good cause justifying such a blatant disregard of this elementary appellate requirement.[4]
2. Neither Slater, nor the motion judge, focused on Lashus’ effective failure to commence her appeal. The basis of the motion judge’s dismissal of her appeal was, instead, her additional procedural noncompliance in failing to have the transcript mailed to the trial court, delaying for more than two months before delivering the transcript to the trial court, and neglecting to file timely the six copies of her appeal *91 on the record of proceedings required by Rule 8C(g) to trigger transmittal of her appeal to this Division. Lashus admits her deviation from these appellate requirements and has offered no justification for her repeated procedural delays.
In these circumstances, the motion judge properly allowed Slater’s request to dismiss Lashus’ appeal. It is settled that the trial court has the inherent authority to dismiss a noncomplying appeal that has not yet been transmitted to the Appellate Division, Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002), citing Maciuca v. Papit, 31 Mass. App. Ct. 540, 544 (1991); Magni v. Patriot Home Improvement, 2008 Mass. App. Div. 21, 22 n.2; Icelease Partners, Inc. v. Concert Equip. Corp., 2005 Mass. App. Div. 93, 93-94, either sua sponte, or upon motion by the appellee. MCS Enters., Ltd. v. Henry, 2005 Mass. App. Div. 72, 74. Such a dismissal rests within the discretion of the motion judge. Id.; Arequipeno v. Hall, 2000 Mass. App. Div. 97, 99.
Lashus argues that the dismissal of her appeal constituted an abuse of discretion, that is, “that no conscientious judge acting intelligently with full knowledge of the circumstances would have made the same decision.” Girard v. Krupnick, 2004 Mass. App. Div. 174, 175. To satisfy the heavy burden incumbent upon her to prove an abuse of discretion, id., Lashus contends only that her procedural malfeasance constituted merely “technical” noncompliance that she eventually, however dilatorily, corrected, and that established judicial policy favors decisions on the merits rather than dismissals on procedural grounds. Lashus ignores the equally fundamental interest, shared by both the court and the appellee, in the finality of judgments. Associated Chiropractic Servs., Inc. v. Travelers Ins. Co., 1998 Mass. App. Div. 189, 191. “Appellees, particularly, are entitled to the progress of appeals with reasonable dispatch and to some protection against purposeful stretching out of appellate proceedings.” Points East, Inc. v. City Council of Gloucester, 15 Mass. App. Ct. 722, 726 (1983). The court’s inherent authority to dismiss a noncomplying appeal “is derived from the ‘right and duty to keep the judicial system in efficient operation.’” Associated Chiropractic Servs., Inc., supra at 190, quoting Maciuca, supra at 544. Moreover, with respect to a court’s power to dismiss a defective appeal, the Appeals Court has noted:
Due process considerations may set the outer limits to the exercise of that power where there is an unreasonable deprivation of the right to be heard upon adequate notice and in accordance with suitable procedures,... but those limitations are not equally at work where, after a full and fair hearing on the merits, it is the appeal which may be dismissed.

Maciuca, supra.

Equally unpersuasive is Lashus’ suggestion that her disregard of appellate rules amounted to little more than a nonobservance of technicalities rather than serious procedural missteps.
There is nothing in the record to suggest that the plaintiff’s delay in this case resulted from any factor beyond [her] control, or was attributable to any cause other than [her] own neglect. As to the seriousness of [her] procedural noncompliance, it must be noted that the essence of a Rule 8C *92 appeal is the transcript. It is only upon receipt of the transcript from the transcriber that a Rule 8C appeal is completed in the trial court, the appeal can be transmitted to the Appellate Division, and preparation may begin for the presentation of written and oral argument. The only rational construction of Rule 8C is that all procedural steps mandated for the perfecting of a Rule 8C appeal, including the transcription of the trial, must be completed expeditiously. That construction is consistent with general principles promoting the finality of judgment. ...
Frankston v. Ferme, 2007 Mass. App. Div. 203, 205.
There was no abuse of discretion in the allowance of Slater’s motion to dismiss Lashus’ appeal.[5]
3. There was also no error in the denial of Lashus’ motion for reconsideration and for an extension of time to “docket” the appeal.[6] First, it is elementary that
where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or question of fact or law, once decided. (Citation omitted) The discretion of the trial judge to reconsider ‘will only be disturbed by a showing that new facts and circumstances required reconsideration’ (citation omitted).
Garside v. Makaitis, 1993 Mass. App. Div. 52. See also Yellow Book of N.Y., Inc. v. Boston Shiatsu Sch., Inc., 2007 Mass. App. Div. 111. While the motion judge in this case did undertake a reconsideration of his earlier ruling and conducted a hearing on Lashus’ motion, Lashus failed to advance any new facts or new issues developed after the court’s first dismissal order. As there was no abuse of discretion in the dismissal *93 of Lashus’ appeal, there was no abuse of discretion in the court’s refusal, after reconsideration of the same arguments it had already rejected, to reverse that ruling.
Second, Lashus utterly failed to advance any grounds for the extensions of time needed to correct her procedural missteps. While it was within the motion judge’s discretion to allow leave for Lashus’ late filings, Lashus was required to demonstrate “good cause” to obtain such Rule 14(b) relief. “The rules do not permit purely ‘routine’ extensions of time, and no party is automatically entitled to Rule 14(b) relief’ (citations omitted). Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. The requisite “good cause” under Rule 14(b)
is the functional equivalent of ‘excusable neglect,’ which contemplates ‘unique or extraordinary’ circumstances transcending simple inadvertence or oversight, and which is intended ‘to take care of emergency situations only' (citations omitted).
Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 83. Lashus failed to offer any “good cause” for her delay in failing to deliver the transcript to the trial court, or for her disregard of the trial court’s Rule 8C(g) notice. The single offhand reference in Lashus’ opposition to Slater’s motion to dismiss her appeal to a “secretarial change” in her attorney’s office not only failed to constitute “good cause” for a Rule 14(b) extension of time, but also suggested that Lashus’ procedural delays resulted from simple inadvertence or oversight. Id. The responsibility for both expediting an appeal and monitoring its progress remains “squarely on the appellant.” McCarthy v. O’Connor, 398 Mass. 193, 199 (1986), quoting Mailer v. Mailer, 387 Mass. 401, 407 (1982).
Finally, there is no merit in Lashus’ remaining argument that she was entitled to an extension of time because Slater has not been prejudiced by her delays and because she has a meritorious issue for appeal. That contention simply ignores the indispensable element of a successful Rule 14(b) motion. “[Wjhile a lack of prejudice to the appellee and the relative merits of the appeal are factors to be considered, the preliminary focus must be on the ‘good cause’ advanced by the appellant for his procedural error or noncompliance” (citation omitted). Georgantis, supra.
There was, thus, no abuse of discretion in the trial court’s denial of Lashus’ motion for an extension of time.
The allowance of the defendant’s motion to dismiss the plaintiff’s appeal, and the denial of the plaintiff’s motion for reconsideration and for an extension of time to “docket” the appeal, are affirmed. Appeal dismissed.
So ordered.

 Defendant Enterprise Rent-A-Car Company of Boston, Inc. owned the vehicle operated by Slater at the time of the accident. Lashus voluntarily dismissed her claim against Enterprise during trial on April 4, 2007.

 Lashus’ 176-day delay in paying the filing fee was, in fact, only four days short of the 180-day time limit beyond which no appeal may be commenced and no extension of time for filing a late notice of appeal may be allowed by either the trial court or this Division. Dist./Mun. Cts. R. A. D. A., Rules 2 and 4(c). See Pipe Plus, Inc. v. C&B Constr. Mgt., Inc., 2006 Mass. App. Div. 96.

 Contrary to Lashus’ assertion on this appeal, the trial court was not required to make written findings and rulings in conjunction with its order of dismissal. Nor is our decision as to the validity of that order affected by any concern that the motion judge’s ruling was based to any degree on the inappropriate participation, or any actual participation, by a “law clerk,” as Lashus suggests. The judge’s extemporaneous remarks during the hearing did not constitute “binding determinations of the court.” Sundex, Ltd. v. Antifonario, 1997 Mass. App. Div. 187, 188, quoting Stamos v. Jacobsen, 1987 Mass. App. Div. 185. The judge remained free to “adopt, revise or abandon the same” before his ultimate motion ruling “despite any verbal expression of interim opinions or mid-trial colloquy with counsel.” Id., quoting Stamos, supra. In fact, the record clearly indicates that the motion judge exhibited an assurance that he would carefully consider the issue presented to him.

 Lashus’ motion stated that it was brought pursuant to Mass. R. Civ. P., Rule 60 (b), and Dist./Mun. Cts. R. A. D. A., Rule 15. Rule 15 governs merely the font and filing of motions, however, and contains no provision for the enlargement of filing times. A Rule 60(b) motion is appropriate only as a vehicle for seeking relief from judgment. “A Rule 60 (b) motion does not ‘provide for general reconsideration of an order or judgment,’ nor can it be used ‘as a substitute for the regular appeal procedure’” (citations omitted). Riccardi Wholesale Florists v. Rowe, 1999 Mass. App. Div. 85, 87.