Williams, EJ.
The plaintiff, Donald H. Jackson, Jr., d/b/a Tubalcain Assets Company (“Jackson”), has appealed from a judgment following a jury-waived trial in which the trial judge found in favor of the defendant, Michael J. Byrne (“Byrne”). Jackson argues that the trial judge’s finding in favor of Byrne was error because Byrne should have been bound by certain Mass. R. Civ. R, Rule 36, admissions that established his liability. We find no error, and affirm the trial court’s judgment.
Jackson was the assignee of a credit card account Byrne initially had with First USA Bank NA Jackson brought suit against Byrne in 2009, alleging that his failure to satisfy that account had resulted in debt exceeding $17,000.00. With his complaint, Jackson served upon Byrne interrogatories, requests for the production of documents, and thirteen requests for admissions under Rule 36.[2] Byrne did not respond to any of these discovery requests.
*258 At trial, in September, 2010, Jackson suggested in his opening statement that Byrne’s failure to respond to Jackson’s Rule 36 requests for admissions required that those requests be deemed admitted, thereby establishing Byrne’s liability and obviating the need for trial. Asked if he had ever moved to have the requests admitted into evidence, Jackson indicated he had, but added that the motion he had filed had not been heard or decided.[3] The trial judge then read the requests, perceived that “the last two” contradicted each other,[4] and declared that the admissions would not, therefore, be “dispositive.” Jackson proceeded with his opening statement without objection or, as far as we can tell from the partial transcript provided, without further mention of the admissions.
The trial court found in favor of Byrne, ruling that Jackson had failed to prove by a preponderance of the evidence the contract, Byrne’s breach, or damages. The trial *259 court’s written findings also include, among other facts, the statements that Jackson’s unanswered requests for admissions could neither be deemed admitted, nor introduced into evidence, because request nos. 12 and 13 were “direct opposites” of one another; and that after the court ruled that the requests could not be admitted, Jackson failed to make any other request or take any action with respect to his requests for admissions. Judgment was entered for Byrne.
Whether Jackson preserved the issue of the purportedly binding admissions is doubtful. After the trial judge ruled during Jackson’s opening statement that the admissions were not dispositive, Jackson neither objected, nor sought to enter his Rule 36 requests into evidence. See Pipe Plus, Inc. v. C&B Constr. Mgt., Inc., 2006 Mass. App. Div. 96, 98, quoting S. Kemble Fischer Realty Trust v. Board of Appeals of Concord, 9 Mass. App. Ct. 477, 479 (1980) (‘To use an admission at trial, one merely reads it into the record prior to the close of the evidence [citation omitted]”); Green v. Blue Cross & Blue Shield of Mass., Inc., 1996 Mass. App. Div. 165, 171, rev’d on other grounds, 47 Mass. App. Ct. 443 (1999) (“A party who wishes to rely on Rule 36 admissions must offer them into evidence to give the opponent an opportunity to object, explain or, if appropriate, move to amend.”). Further, Rule 36 requests for admissions and responses (if any), unlike such discovery materials as interrogatories and document requests and responses to them, must be filed in the clerk’s office. Mass. R. Civ. R, Rule 5(d)(1) & (2). See M.G. PERLIN & J.M. CONNORS, CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURT §7.67, at 223 (4th ed. 2009). The docket in this case reflects no such filing.
Even if we were to assume that the issue had been preserved, it is settled that a judge “possess [es] the authority to disregard the defendant1 s failure to respond to a [Rule 36] request.” Northboro Inn, LLC v. Treatment Plant Bd. of Westborough, 58 Mass. App. Ct. 670, 677 (2003), citing Reynolds Aluminum Bldg. Prods. Co. v. Leonard, 395 Mass. 255, 260 (1985). See also Reynolds Aluminum Bldg. Prods. Co., supra at 262 (“[0]rdinarily the judge has the discretion to ameliorate the effects of an admission resulting from the operation of rule 36.”). “The effect of the rule in a given case may be unduly harsh, and the ability of the judge to exert an ameliorating influence is essential to avoid a result in which form triumphs over substance.” Id. at 260. In this case, there was no rational way for the requests to be deemed admitted because the two subject admissions canceled each other out. The judge simply could not have accepted both request no. 12 — that Byrne was issued a specific numbered account — and request no. 13 — that he was “never” issued that account — as having “conclusively established the truth” of the opposite facts stated, see Baker Tanks, Inc. v. Construction Mgt. Trust, Inc., 2008 Mass. App. Div. 113, 114, quoting Reynolds Aluminum Bldg. Prods. Co., supra at 259, or as having established anything. A party afforded relief from the conclusive effect of Rule 36 admissions typically has moved for that relief. Mass. R. Civ. P, Rule 36(b). But the trial judge could not rationally accept the “facts” presented by both admissions request nos. 12 and 13 to be true under any circumstances, and affirmative action by Byrne was unnecessary. See Honey Dew Assocs., Inc. v. Yazbek, No. 09-P-1497 (Mass. App. Ct. April 5, 2011) (unpublished Rule 1:28 decision), citing Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 73 (1st Cir. 1982) (trial judge may allow withdrawal of admissions upon concluding that no rational fact finder could believe facts established by admissions to be true).
*260 Finally, we note that “[t]he judge may ameliorate the effect of the rule when: (1) the presentation of the merits of the action will be advanced, and (2) the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.” Reynolds Aluminum Bldg. Prods. Co., supra at 260. In this case, Jackson did not so much as suggest that the presentation of his case at a trial on the merits would be prejudiced in any way.
The judge was left with no rational decision other than to disregard Byrne’s failure to respond to the requests, and, thus, did not err in doing so.
Judgment affirmed.
So ordered.

 Rule 36 of the Mass. R. Civ. P. provides, in pertinent part, as follows: “a) Request for Admission. A party may serve upon any other party a written request for admission, for purposes of the pending action, only, of the truth of any matters within the scope of Rule 26(b).... The matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission either [a denial, a detailed response to the effect that the party cannot truthfully admit or deny the matter, or an objection], ... b) Effect of Admission. Any matter admitted under the rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action *258 will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.”
Rule 36 admissions, when properly admitted at trial, are treated as judicial admissions rather than evidentiary admissions, and “conclusively determine an issue [and] ... relieve the other party of the necessity of presenting evidence on that issue.” Honey Dew Assocs., Inc. v. Yazbek, No. 09-P-1497 (Mass. App. Ct. April 5, 2011) (unpublished Rule 1:28 decision), quoting General Elec. Co. v. Assessors of Lynn, 393 Mass. 591, 603 n.8 (1984).

 “A party requesting an admission may, if he feels [the] requirements [of Rule 36(a)] have not been met, move ... to have the matter ordered admitted." Massachusetts Highway Dep’t v. Smith, 51 Mass. App. Ct. 614, 619 (2001), quoting Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981). See also Lynn Physical Therapy, Inc. v. Commerce Ins. Co., 2011 Mass. App. Div. 107, 110. More than six months before trial, in March, 2010, Jackson had indeed filed a motion to determine the sufficiency of responses to his requests for admissions, along with a motion to compel the production of documents. At least one of those motions was marked for hearing in May, 2010, the day before the pretrial conference; but the docket does not reflect that either motion was heard or ruled upon. That circumstance could have lulled Byrne into believing that Jackson would not seek to prove his case through Byrne’s Rule 36 misstep. “[T]he imposition of the severe sanction of a binding admission will be imposed only when the answering party has ‘intentionally disregarded the obligations imposed by Rule 36(a).’” Massachusetts Highway Dep’t, supra at 618, quoting Asea, Inc., supra. Whether Byrne’s failure to respond to the Rule 36 requests was intentional cannot be discerned. Nothing in the record even touches that subject except Jackson’s representation that “court personnel” had “admonished” Byrne that he should respond to discovery.

 Request no. 12 stated: “Defendant was issued credit card account #4266851047239477.” Request no. 13 stated: “Defendant was never issued credit card account #4266851047239477.” Although the trial judge’s findings refer to nos. 11 and 12 as being “direct opposites” of each other, that misnumbering is clearly a scrivener’s error.