Rivard-Rapoza, J.
The issue before the court is whether the judge in the trial court erred in denying plaintiffs motion to extend time to file appeal under Rule 4(c) where the plaintiff had failed to file a notice of appeal within ten (10) days of the entry of judgment.
Background
The plaintiff filed a complaint against the defendant for collection of an outstanding student loan which was in arrears. In response, the defendant filed an answer pro se along with a suggestion of bankruptcy, indicating that the plaintiff was a named creditor in the defendant’s bankruptcy proceeding. Thereafter, the plaintiff filed a motion for summary judgment which was denied. The trial judge stayed further proceedings and the case was continued generally.
The defendant later filed a motion for reconsideration relative to the court’s original denial of its motion for summary judgment. On May 10, 1995, the trial judge denied the plaintiff’s motion to reconsider and instead allowed summary judgment against tiie moving parly. Judgment entered on the same date.
On May 12,1995, copies of the court’s judgment were sent to both parties, each of whom received notice within ten days of the entry of judgment. On May 23,1995, the plaintiff filed a motion to extend time to file appeal under Rule 4(c). The motion was denied on May 26,1995, after hearing. Notice of the court’s action was supplied to both parties by telephone on that date and was later confirmed by a 'written notice.
On June 9,1995, the plaintiff filed a notice of appeal relative to the denial of its motion to extend time to file appeal under Rule 4(c) and the allowance of summary judgment on behalf of the defendant.
Discussion
The issue presented is whether the trial judge erred in denying the plaintiff’s motion to extend time to file appeal under Rule 4 (c) where the plaintiff failed to file a notice of appeal within ten (10) days of the May 10,1995 entry of judgment.
Rule 4(a) of the District/Municipal Courts Rules for Appellate Division Appeals provides that ‘The notice of appeal... shall be filed with the clerk of the trial court within ten days after the date of the entry of the judgment in the case being appealed.” Pursuant to Rule 4(c), the trial court may, “[ujpon a showing of excusable neglect or other good reason,” extend the time for filing the notice of appeal.
Not every failure by the appellant to comply with the requirements of appellate procedure necessitates the dismissal of an appeal. Nonetheless, failure to comply with the time provisions for filing a notice of appeal is not a “relatively innocuous” misstep. See, Schulte v. Director of the Division of Employment Security, 369 Mass. 74, 79-80 (1975). The attempted institution of an appeal after the expiration of the period limited by a statute or rule is “repugnant to the procedural scheme.’’/d.
*48 In moving for an extension before the trial judge, counsel for the plaintiff acknowledged receipt of the notice of entry of judgment within the ten day period. Appellate counsel also conceded receipt of the notice within the ten day period.
In the present case, the trial judge had sufficient grounds to conclude that the plaintiff had failed to show excusable neglect or other good reason for allowance of its motion to extend.
Accordingly, the appeal is hereby dismissed and the judgment is affirmed.