Merrigan, J.
The defendant Vincent Vivenzio appeals pursuant to Rule 8A of the District/Municipal Rules for Appellate Division Appeals.
Vivenzio contends that it was error for the trial judge to deny his motion to set aside the default judgment against him. He asserts that his default notwithstanding, there was no evidence on which to enter a judgment against him personally. He further argues that the complaint does not, as a matter of law, contain factual allegations sufficient to warrant personal liability even if he defaulted.
Vivenzio was named in a suit along with V&V Roofing, Inc. against them in the Westfield District Court. The complaint contains two counts against each defendant seeking recovery as a result of problems arising from the installation of a roof at the plaintiffs home by V&V Roofing, Inc. Count One alleges that “the corporate defendant is an effective one-man corporation and the alter ego of the Defendant Vincent Vivenzio and to the Plaintiffs belief the said corporation may be under- or thinly-capitalized.” Count One asserts that the defendants committed tortious conduct and breach of contract and warranty as set forth in Exhibit A to the complaint. Exhibit A is the 93A demand letter previously sent to Vincent Vivenzio, President of V&V Roofing, Inc. The 93A letter is addressed to Vivenzio as President of V&V Roofing, Inc. and not personally. The content of the 93A letter does not contain factual allegations against Vivenzio personally. Similarly, it does not allege any facts with reference to the undercapitalization of the corporation or any alleged injury suffered by the plaintiffs because of the actions of Vivenzio personally in connection with his relationship to the corporation or the corporation to him individually. Count Two, referring to Exhibit A, asserts that a 30-day demand for relief was mailed to the “defendants,” received by Vincent Vivenzio and was not responded to by the “defendants.” Count Two seeks 93A damages against both defendants.
Neither defendant (V&V Roofing, Inc. or Vincent Vivenzio, personally) filed an answer or responsive pleading. Defaults and default judgments entered against each defendant which were eventually followed by the issuance of executions on the judgments. It was when the executions were served that the defendants responded with the motion to set aside the default judgments. The motion was filed on September 23,1996, some 15 months after the June 8,1995, entry of the default judgment. The defendants’ motion sought relief pursuant to Rule 60(b) for mistake, inadvertence “and” excusable neglect. After a hearing, the judge denied the motion.
*22 DISCUSSION
In most circumstances, the action of the trial court in allowing or denying a motion to set aside a default is, to the extent the reviewing court is passing upon the exercise of discretion by the trial judge, not generally disturbed on appeal. A challenge to a default judgment based upon legal issues is not, however, so circumscribed. There is of course a difference between the effect of a default and the consequences of a default judgment. Upon entry of a default, “the factual allegations of a complaint are accepted as true for purposes of establishing liability.” Multi Technology, Inc. v. Mitchell Management Systems, 25 Mass. App. Ct. 333, 334-335 (1988). Entry of default does not perforce entitle the plaintiff to a default judgment. Moreover, the mere claim without more in Count One of the complaint that the defendant corporation is a “one man corporation and the alter ego” of the defendant Vincent Vivenzio and that the “corporation may be under- or thinly-capitalized” is inadequate to support a default judgment against Vivenzio personally. In Productors e Importadore de Papel S.A. de CV v. Flemming, 376 Mass. 826, 834 (1978), the Supreme Judicial Court reiterated its earlier view (predating the advent of notice pleading) that a default judgment cannot be entered where the complaint fails to state a cause of action. “[Ejven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.” Id. at 835, quoting 10 C.A WRIGHT & AR. MILLER. FEDERAL PRACTICE AND PROCEDURE, §2688, at 282 (1973).
Here, the unadorned assertion in Count One that the defendant corporation is thinly or undercapitalized fails to establish any cause of action. The contentions that the corporation is a one man corporation or that it is the “alter ego” of Vivenzio are worthless statements. The claim that the defendants committed tortious acts and breach of contract and warranty are conclusions of law that do not provide a basis for a default judgment. The 93A demand for relief in Count Two was never served on Vivenzio personally. Even if it can be construed on the basis of notice pleading to be effective delivery to Vivenzio personally, its content provides no basis for establishing Vivenzio’s personal liability for the substantive claims of injury in connection with the roofing work by V&V Roofing Inc. Likewise, it contains no references to injury suffered as a result of the operation of the corporation that would be a basis for the default judgment against Vivenzio personally.
Accordingly, the motion to set aside the default against Vivenzio personally is reversed. We order allowance of the motion.