Coven, J.
This is a Dist/Mun. Cts. E.A.D.A, Rule 8C, appeal by defendant William Charbonneau (“Charbonneau”) of the denial of his motion for relief from the default judgment entered against him in his individual capacity.
On November 3, 2000, plaintiff Eric T. Lavoie (“Lavoie”) filed a complaint against defendants Pinnacle Development Corp. (“Pinnacle”) and Charbonneau to recover a balance owed for painting services provided by Lavoie. At oral argument, Charbonneau conceded that separate summonses and interrogatories were served on each defendant The defendants, jointly represented by the same counsel, filed their answer on December 26, 2000. They subsequently failed to appear at a case management conference on April 4, 2001 and were defaulted..Lavoie promptly applied for a default judgment and an assessment of damages. After a hearing on May 18, 2001, damages were assessed at $13,317.00, and judgment in that amount was entered on May 22, 2001. Notice of judgment entry was sent to the parties on June 15,2001. On July 5,2001, Charbonneau filed a Mass. R Civ. P., Rule 60(b), motion to vacate judgment
Charbonneau argued before the motion judge that after consultation with counsel and upon their review of Lavoie’s complaint they concluded that Charbonneau was being sued only as a corporate officer of co-defendant Pinnacle and not in his individual capacity. Based on their conclusion that Charbonneau would not be exposed to personal liability, Charbonneau and his counsel made a strategic decision to permit a default to enter. In his motion to vacate, Charbonneau describes Pinnacle as “an assetless entity... defunct [and] considering bankruptcy.”
As to the complaint itself, the caption names as defendants “Pinnacle Development Corp. and William Charbonneau.” Charbonneau is not named in any capacity. Paragraph 2 of the complaint identifies Charbonneau as “the President, Treasurer, and Clerk of Pinnacle Development Corp. and [as] doing business at 36 Edgerly Road — Suite B, Boston, MA 02155.” The complaint's “general allegations” include the assertion that Charbonneau, “as President of Pinnacle,” was sent the demand for payment In Count I for breach of contract, which incorporates by reference both the description of the parties and the general allegations, Lavoie states that the painting services he provided were performed “for him.” The complaint claims and prayers for relief are against the “Defendants” in the plural, and not singular, number.
The defendants filed a joint answer on December 26, 2000. Counsel signed the answer as the representative of “William Charbonneau” without qualification of *91 Charbonneau’s status. In response to complaint allegations, liability was “[d]enied as to individual defendant”
While Charbonneau’s motion to vacate judgment does not expressly identify the specific subsection of Rule 60(b) upon which it is based, Charbonneau’s contention that the default judgment was mistakenly entered against him in his individual capacity brings his motion within Rule 60(b) (1) which affords relief for “mistake, inadvertence, surprise, or excusable neglect” The resolution of a motion for Rule 60(b) (1) relief “repose [s] in the broad discretion of the motion judge. An appellate court will not reverse the motion judge’s decision ‘except upon a showing of a clear abuse of discretion.’ Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). The standard is one of marked deference.” Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998).
There was no abuse of discretion in the denial of Charbonneau’s motion to vacate judgment
As Charbonneau concedes that he made a conscious and strategic decision to allow the default judgment to enter, it is clear that “inadvertence” and “excusable neglect” are inapplicable herein. Rule 60(b) (1) relief is generally unavailable on the basis of intentional action by the moving party. See Shapiro v. Brown, 1998 Mass. App. Div. 203, 205. Nor was the trial judge required to accept his somewhat disingenuous assertion that he mistakenly believed he had not been sued in his individual capacity. While Charbonneau underscores claimed ambiguities in the complaint, the facts remain that he was served with a summons and interrogatories in his individual capacity. He answered the complaint with general denials of liability “as to [the] individual defendant” Nor would erroneous legal advice as to the sufficiency of the complaint allegations have constituted a “mistake” warranting relief from judgment under Rule 60(b) (1). Christian Book Distributors, Inc. v. Wallace, 53 Mass. App. Ct. 905, 906-907 (2001).
DeKarz v. V & V Roofing, Inc., 1998 Mass. App. Div. 21, upon which Charbon-neau relies, is inapposite. While that case held that there was an abuse of discretion in the failure to remove a default that had entered against an individual defendant, the court made note that no responsive pleading had ever been filed by either defendant Here, Charbonneau filed an answer generally denying liability “as to [the] individual defendant” For the same reason, Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. App. Ct. 667 (2001) is also inapplicable. Again, unlike the defendant in that case, Charbonneau answered the complaint by denying liability. While somewhat ambiguous, the complaint did inform Charbonneau that he risked exposure in an individual capacity. Likewise, it informed the motion judge.
Appeal dismissed.
So ordered.