Barrett, J.
Unsuccessful in obtaining the removal of a default judgment, defendant Anthony Beninati[2] filed this Dist/Mun. Cts. R. A. D. A, Rule 8A, appeal of the denial of both his motion to vacate judgment and his motion for reconsideration of that ruling.
Plaintiff Advo, Inc. commenced this action on May 27, 2003, to recover for the defendant’s alleged breach of contract in failing to pay for advertising services. The sheriffs return of service indicated that on June 10,2003, the summons and a copy of the complaint were delivered to the defendant at his “last and usual place of abod” at 50 Warren Street in Randolph, Massachusetts. No answer was filed, and a default judgment was entered against the defendant on July 10,2003.
Almost a year later, on June 25,2004, the defendant filed a Mass. R. Civ. R, Rule 60(b)(1), motion to vacate the default judgment. In a supporting affidavit, the defendant stated that he “was never served with a copy of the Complaint filed by the Plaintiff.” By way of a meritorious defense, the defendant averred that he was not personally liable for the advertising services provided by the plaintiff because he was not a party to the contract entered into by the plaintiff and by “Steven Borghi as President of One Fitness Group, LLC.” The contract at issue identified the client as “Work Out World” with an address in Norwood, Massachusetts, and was signed by the plaintiff and by Stephen Borghi “as President.”[3] The contract listed the defendant only as one of three “contact name[s].” The defendant also asserted that the plaintiff had failed to provide the specific advertising required by the contract.
*96 The defendants motion to vacate was denied on July 14,2004. On July 28,2004, the defendant filed a motion for reconsideration supported by the affidavit of defendant’s counsel. Counsel averred that the defendant “had been served at a prior address at which the defendant no longer resided.” Counsel further stated that the defendant brought a copy of the summons and complaint to her on July 21, 2003; that she immediately contacted plaintiffs counsel and outlined her client’s defense; that the delay in filing the motion to vacate was attributable to her understanding that plaintiff’s counsel was discussing the defendant’s assertions with his client and would report back to her; and that the plaintiff instead commenced supplementary process proceedings to enforce the judgment, thereby prompting the defendant to seek relief from the default judgment on July 7, 2004. The defendant’s reconsideration motion was denied on August 4, 2004, and his notice of appeal to this Division was filed on August 12,2004.
1. The plaintiff correctly argues that the denial of the defendant’s motion to vacate the default judgment is not before us, and that the scope of the defendant’s appeal is restricted to the issue of whether the motion judge abused her discretion in denying the defendant’s motion for reconsideration. To secure appellate review of his Rule 60(b) (1) motion, the defendant was required to file a notice of appeal within ten days of the July 14, 2004 denial of that motion. Dist./Mun. Cts. R. A. D. A, Rule 4(a); Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77. This appeal was not filed until August 12, 2004, twenty-eight days after the ruling in question. The defendant’s motion for reconsideration did not toll the time period for appealing the motion to vacate, nor did it preserve for review any issues raised by that motion. Kirby v. Miami Systems Corp., 1999 Mass. App. Div. 197, 198 n.4.
2. Even if we were to consider the underlying motion to vacate judgment as properly before us, we would discern no error in the denial of either that motion, or tiie defendant’s subsequent motion for reconsideration.
Rule 60(b)(1) relief from a default judgment is not automatic; the defendant bore the burden of demonstrating that he qualified for relief because his failure to answer, which culminated in the default judgment, resulted from some mistake, inadvertence or neglect that was excusable. Gath v. M/A-Com, Inc., 440 Mass. 482, 496 (2003); Lumber Mut. Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219-220. The determination that the defendant failed to meet that threshold demonstration was within the sound discretion of the motion judge. Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987); Christian Book Distributors, Inc. v. Wallace, 53 Mass. App. Ct. 905, 906 (2001). While the existence of meritorious defenses to the plaintiff’s claim was a significant factor to be weighed by the judge in deciding the defendant’s motion, those defenses did not explain or justify the defendant’s failure to respond to the plaintiff’s complaint and, thus, would not alone have permitted the allowance of Rule 60(b)(1) relief. Fleet Nat’l Bank v. Smith, 1999 Mass. App. Div. 163, 163-164. Further, the defendant’s conclusory averment that he was not served with the complaint was insufficient to rebut the prima facie effect of the sheriff’s return of service attesting to his delivery of the complaint and summons to the defendant’s “last and usual place of abode.” Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714 (1991). While the defendant was entitled to challenge the officer’s return of service, his affidavit was devoid of any specific facts that could have persuaded the judge that he did not actually reside at the address at which service was made. Hanover Ins. Co. v. Viera, 2004 Mass. App. Div. 199, 200-201. There was no abuse of judicial discretion in the denial of the defendant’s Rule 60(b) (1) motion.
As there had been no change in the defendant’s circumstances, the motion judge was not required to revisit her prior denial of the defendant’s motion to *97 vacate. 402 Rindge Corp. v. Esao, 2002 Mass. App. Div. 30, 32. The simple denial of the defendants motion for reconsideration indicates that the judge declined to consider the motion on its merits for a second time. Baybank v. Dirico, 1996 Mass. App. Div. 30, 31-32. There was no abuse of discretion in that ruling. Counsel’s explanation in her supporting affidavit of the defendant’s delay in seeking Rule 60(b) (1) relief was relevant only in determining whether the motion was timely filed[4]; it added nothing to the defendant’s necessary proof that his failure to answer the complaint was justified or excusable. Although counsel represented that service of process was made at an address where defendant no longer resided, no such averment was made by the defendant himself.[5] Moreover, there was again no indication of when the defendant had supposedly moved, or if he did, or where he lived on the date process was served, or of any specific facts substantiating counsel’s statement. Compare Farley v. Sprague, 374 Mass. 419 (1978) (affidavit showed defendant had not been Massachusetts resident for more than forty years); Konan v. Carroll, 37 Mass. App. Ct. 225 (1994) (defendant’s Rule 60(b) affidavit listing chronology of residences for period of approximately ten years established that he did not live at address where service was made); Fleishman v. Stone, 57 Mass. App. Ct. 916 (2003) (defendant’s affidavit listed all of his residences for roughly twenty-five years); Enterprise Rent-A-Car v. Bigelow, 2004 Mass. App. Div. 165 (affidavit showed that defendant had moved twice since he resided at address where service attempted); Sarasota, Inc. v. Moceri, 1999 Mass. App. Div. 281 (utility bills, bank statements and credit report established defendant did not reside at address where summons and complaint were delivered).
There being no abuse of discretion, the denial of the defendant’s motion for reconsideration is affirmed.
So ordered.

 Mr. Beninati died after the first scheduled date for oral argument on this appeal. A Dist./Mun. Cts. R. A. D. A., Rule 30(a), motion was eventually filed to substitute Elizabeth Beninati, as Executrix of the Estate of Anthony G. Beninati, as the defendant-appellant. See Turner v. Minasian, 358 Mass. 425, 427 (1970). That motion was allowed by this Division.

 It is unclear of what entity Borghi was president since the contract did not indicate that ‘Work Out World” was a corporation and neither “One Fitness Group, LLC,” nor any other corporation, is listed in the contract as the purchaser of the plaintiff’s services.

 A Rule 60(b) (1) motion must be brought within a reasonable time not to exceed one year from the date of the entry of judgment. What constitutes a “reasonable time” is an issue addressed to the judge’s discretion. Klimas v. Mitrano, 17 Mass. App. Ct. 1004 (1984).

 We note that the defendant did seek Rule 60(b) (4) relief on the ground that the judgment was void because the lack of service of process prevented the court from acquiring personal jurisdiction over him. Even if that argument had been advanced, however, the result of this appeal would likely be the same given the defendant’s failure to marshal sufficient information to substantiate his allegation of ineffective service.