Curtin, J.
Defendant Eric Zutrau (“Zutrau”) operates and is the corporate president of Boston Shiatsu School, Inc. He has appealed the entry of summary judgment against him, individually, for his failure to pay for advertising purchased from Yellow Book of New York, Inc. (‘Yellow Book”) for the school. Yellow Book’s Mass. R. Civ. P., Rule 56, motion was allowed on April 18, 2006, and summary judgment in its favor was entered on the same date. Zutrau did not file an appeal to this Division within ten days of the entry of that judgment as mandated by Dist./Mun. Cts. R. A. D. A., Rule 4(a), nor did he request an extension of time for filing a notice of appeal pursuant to Rule 4(c). Instead, on May 23, 2006, Zutrau filed a motion to reconsider the summary judgment ruling, which was later heard and denied.
Yellow Book contends that the merits of its summary judgment motion are not properly before this Division because Zutrau failed to preserve his appellate rights by filing a timely appeal. We agree. Zutrau’s notice of appeal was not filed until three months after judgment was entered, which was clearly beyond the prescribed ten-day period for a notice of appeal. Georgantis v. Star Market Cos., 2000 Mass. App. Div. 77. Zutrau did file a timely notice of appeal of the denial of his motion to reconsider. The reconsideration motion did not, however, toll the time period for appealing the allowance of the summary judgment motion, Curly Customs, Inc. v. Pioneer Financial, 62 Mass. App. Ct. 92, 96-97 (2006),[4] nor did it preserve for appellate review the issues raised by that motion. Advo, Inc. v. Beninati, 2005 Mass. App. Div. 95, 96. Thus, the scope of Zutrau’s appeal is limited solely to the issue of whether the motion judge abused his discretion in denying Zutrau’s motion for reconsideration. Id. at 96-97.
‘Where there has been no change of circumstances, a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided.” Peterson v. Hopson, 306 Mass. 597, 599 (1940). “A judge should hesitate to undo his own work.” Id. at 603. Zutrau did not present any new argument in his motion to reconsider. He merely reiterated his prior contention that the contract he signed, which obligated him personally, was induced by what he alleged were the fraudu *112 lent representations and actions of the Yellow Book representative. Zutrau did not present a new affidavit, or any further evidence that would have persuaded the judge to change his ruling. There was, therefore, no abuse of discretion in the judge’s denial of the reconsideration motion.
Appeal dismissed.
So ordered.

 Moreover, as Zutrau’s motion to reconsider was not served within ten days of judgment entry, it could not be deemed the functional equivalent of a “timely” motion pursuant to either Rule 52 or Rule 59, which would have tolled the time for filing a notice of appeal. See MacLeod v. Dizazzo, 2001 Mass. App. Div. 128, 129.