Swan, J.
The city of Revere (“city”) sued Thomas and Marie A Gray (“the Grays”) *49 in the Chelsea District Court for enforcement of the State Building Code and the city’s zoning ordinance based on violations in the Grays’ building at 17 Vinal Street (“premises”), and for the imposition of monetary penalties. After a jury-waived trial, the trial judge enjoined the Grays from using the premises for anything other than a two-family dwelling, ordered them to apply for applicable permits to remove additional dwelling units and to commence such removal, and imposed monetary civil penalties. The Grays have appealed the court’s judgment.
The trial judge made detailed findings of fact, which are not contested and are briefly summarized here. The premises are located in a zoning district that allows two-family dwellings. In 1987, the Grays obtained a building permit to convert the premises from a two-family to a three-family dwelling. But the city’s site plan review board subsequently informed the building inspector that the proposed alteration would in fact create a four-family dwelling. The inspector then informed the Grays that the premises could be used only for two families. The Grays agreed in writing to so limit the use of the property. Work was completed, and a certificate of occupancy for a two-family dwelling was issued.
In 1996, responding to a complaint, the building inspector went to the premises and discovered that despite their previous agreement, the Grays had altered the building to create a four-family dwelling. The inspector issued a cease and desist order, which the Grays ignored. Enforcement action was taken in 1998, and then again in 2006, when the building inspector sought criminal complaints. For reasons not apparent in the record before us, those complaints were dismissed. Somewhere along the line, the inspector actually found a fifth apartment on the premises. In November, 2007, the building inspector notified the Grays that they were in violation of the building code and zoning ordinance, and followed up three weeks later with a letter demanding that the Grays, within seven days, obtain permits to remove all dwelling units, wiring, kitchens, and bathrooms constructed without permits, and restore the premises to a two-family dwelling. The Grays did nothing. This time the city acted, and sued. As noted, judgment was entered against the Grays, after trial, and this appeal followed.[2]
1. First, the city seeks dismissal of the appeal for the Grays’ failure to perfect it in compliance with procedural mandates. Judgment was entered on May 15, 2009. A “notice of appeal to Appellate Division on record of proceedings” was not filed by the Grays until June 3, 2009, beyond the ten-day filing deadline, and without the requisite filing fee. Dist./Mun. Cts. R. A. D. A., Rules 3(a) and 4(a). The Grays’ notice, which is not reproduced in the record appendix, apparently did not set forth the issues of law for review, and did not include a request for a copy of a recording of the trial. Dist./Mun. Cts. R. A D. A, Rules 3(c) and 8C(b). The city moved to strike the appeal, not on the ground of the late notice of appeal, but on the failure to perfect *50 that appeal in compliance with either Rule 8A or 8C.[3]
The court made no ruling on the motion to strike, and instead extended the time for the Grays to perfect the appeal under Rule 8A or 8C to July 24, 2009. The Grays failed to meet that deadline, and the city again moved to strike.[4] On November 20, 2009, the court allowed the Gray’s oral motion to continue their appeal upon payment of $750.00 in legal fees to the city by November 23, 2009. While the record is silent as to whether the legal fees were ever paid,[5] it is clear that no further steps were taken to perfect the appeal.[6] Yet another request for a continuance was made by the Grays on January 12, 2010. The court denied the request, and allowed the city’s motions for enforcement of the judgment and the appointment of a receiver, and for access to the premises.
On January 27, 2010, the Grays filed an untimely “amended notice of appeal on the record of proceedings,” without a filing fee, together with a motion to stay enforcement of the judgment, which was immediately denied. At the same time, the Grays filed an “interlocutory” appeal to this Division, pursuant to G.L.c. 231, §118A and G.L.c. 218, §19C, of the denial of their request for a stay.[7] The single justice denied the petition for interlocutory relief.[8] On September 29, 2010, the city’s motions for approval of the receiver’s final account and for permission to foreclose on its lien were allowed.
In addition to ruling that the January 27,2010 notice of appeal, “if it was meant to relate to the trial courf s order appointing a receiver... was not timely filed,” the single justice ruled that “there is no viable appeal pending from [the] judgment.” We agree. Even though not specifically argued by the city, the Grays’ initial failure to file a notice of appeal within ten days from the entry of judgment was a “serious misstep,” warranting dismissal of the appeal. Samia v. D’Annunzio, 2001 Mass. App. Div. 31, 32. Misstep then followed misstep as the Grays, exercising the same lack of alacrity they exercised in not responding to the building inspector’s notices, failed to state the issues of law to be reviewed, failed to order a recording of the trial, failed even to pay a filing fee for the appeal, all despite the trial court’s generous sua sponte extensions of time to perfect their appeal. “The responsibility for not only expediting an appeal, but also of monitoring its progress, is the appellant’s alone.” Godfrey v. Woburn Foreign Motors, 2001 Mass. App. Div. 81, 84. The Grays fell far short of meeting that responsibility, and their appeal is properly dismissed.
*51 2. Even if the appeal were not dismissed for fatal procedural flaws, most of the issues now urged on appeal by the Grays were neither argued in the trial court, nor properly preserved for appellate review. Mass. R. Civ. R, Rule 52(c). As the Grays did allege, however, that the action was time barred under the statute of limitations, we address briefly their claim on appeal that they “seek reversal based on general principals [sic] of equity and fairness as the [city] failed for over twenty years to address any state and local zoning law violations and the [Grays] reasonably relied on such conduct.”
The Grays’ argument misses the obvious point that during most of those years, it was the city that relied on their conduct in representing that they would comply with the law and use the premises only for a two-family house. Had the Grays wished to change the use, they had ample remedial opportunities, e.g., seeking a zoning variance from the city’s board of appeals, G.L.c. 40A, §10, or an appeal to that board, G.L.C. 40A, §8, or to the State Building Code Appeals Board, G.L.C. 143, §100, or the municipal hearing officer or the housing court. G.L.c. 148A, §§2 and 3. They did none of these things. While the bases for the dismissals of the city’s criminal complaints are not clear, once a fifth illegal unit was discovered in the premises, the city acted promptly, well within, for example, the six-year statute of limitations to enforce zoning violations. G.L.c. 40A, §7. In any event, as the Grays had no permit for a three- , or four-, or five-unit apartment building, the statute had no application. “The six-year limitations period in §7 applies to both structural and use violations authorized by a building permit. However, unlike structural violations for which no permit was obtained (which enjoy a ten year limitations period), no such protection is afforded use violations unsanctioned by any permit.” Moreis v. Board of Appeals of Oak Bluffs, 62 Mass. App. Ct. 53, 60 (2004). The Grays have been fully aware since 1987 that they have never had a permit to alter the use of their building to anything more than a two-family dwelling. As for any relief that the Grays now claim under a doctrine of estoppel or laches, it is well established that “the doctrine of estoppel cannot stay the hand of a municipality in enforcing its zoning laws.” Ferrante v. Board of Appeals of Northampton, 345 Mass. 158, 162 (1962).
Appeal dismissed.

 Fleet National Bank, as mortgagee of the premises, was also named as a defendant. The bank was served with process, but neither filed a responsive pleading, nor participated in the litigation. The trial judge named the bank in the caption of his findings, but made no mention of the bank in the text of the findings. The judgment that was entered in this case was against the Grays only. No judgment respecting the bank has ever been rendered, and the bank is not a party to this appeal.

 The motion is included in the record appendix and is referred to in the transcript of the oral argument on this motion, but it was never docketed.

 That motion to strike is also undocketed.

 Presumably, they were not, in light of what followed.

 The city has appended to its brief two notices of appeal purportedly filed on December 4, 2009, and January 4, 2010, but they are not docketed and were, in any event, untimely.

 As judgment had been entered, the Grays were not entitled to pursue “interlocutory” relief under G.L.c. 231, §118A.

 A second G.L.c. 231, §118A petition to the single justice on primarily the same grounds was filed by the Grays on October 20, 2010, and denied, after hearing, on November 4, 2010.