Pierce, J.
In this appeal, we consider whether the trial court abused its discretion in denying a motion to permit the late filing of an “appeal on the record of proceedings,” pursuant to District/Municipal Courts Rules for Appellate Division Appeal (“R. A. D. A.”), Rule 8C(b), where the party seeldng appellate review had filed a notice of appeal within the time provided by the rules. We find no abuse of discretion and affirm the order of the trial court.
This is a postforeclosure summary process action where the plaintiff-appellee, Wells Fargo Bank, N.A (‘Wells Fargo”), sought possession of property located at 1316 Beacon Street, Newton, Massachusetts, formerly owned by the defendant-appellant, Jerilynn Okamura (“Okamura”). The case was filed by Wells Fargo against Okamura on March 12, 2012. Okamura answered the complaint on March 21, 2012. On March 23, 2012, Wells Fargo filed a motion for summary judgment. In an order dated December 24,2012, the trial court allowed the motion for summary judgment and on January 30, 2013, a judgment for possession entered in favor of Wells Fargo.
On February 7, 2013, Okamura filed a notice of appeal. On February 21, 2013, Okamura filed a motion for reconsideration and to vacate judgment, pursuant to Mass. R. Civ. R, Rule 60(b). After a hearing on March 15,2013, that motion was denied. In a pleading dated April 1,2013 and docketed by the court on April 5,2013, Okamura submitted a “Motion to Alow Late Filing of Appeal on the Record of Proceedings” (“motion for late filing”) and a notice that she intended to proceed under Dist./Mun. Cts. R. A D. A, Rule 8C. After a hearing on April 12,2013, that motion was denied. On April 17, 2013, Okamura’s February 7, 2013 appeal was dismissed. On April 23, 2013, Okamura filed this appeal from the denial of her motion for late filing.
Rule 8C(b) of the Dist./Mun. Cts. R. A D. A. provides, in relevant part:
Within thirty days after... filing the notice of appeal as required by Rule 3 ..., an appellant appealing under this rule shall file and serve on all other parties a document captioned ‘Appeal on the Record of Proceedings.’ ... The Appeal on the Record of Proceedings shall consist of a statement that *43 the party intends to proceed under this rule, and, if a transcript will be necessary, shall also include a request for a cassette copy of the electronic recording of the trial proceedings made under the control of the court under Rule 114, Dist./Mun. Supp. R. Civ. R, unless such request was previously included with the notice of appeal.
Pursuant to Rule 8C(g): “Within thirty days after notice from the trial court clerk of receipt of the transcript..., the appellant shall file six additional copies of the Appeal on the Record of Proceedings. Upon receipt of said copies, the clerk shall transmit them along with six certified copies of the docket entries to the Appellate Division.” Thereafter, pursuant to Dist./Mun. Cts. R. A D. A., Rule 19(a), “the appellant shall serve and file his or her brief within thirty days after notice from the Appellate Division of receipt of the appeal from the trial court. The appellee shall serve and file his or her brief within twenty days after service of the brief of the appellant.”
Okamura failed to comply with Dist./Mun. Cts. R. A D. A., Rule 8C(b), within thirty days of her notice of appeal. In her motion for late filing, Okamura referred to the filing of her Rule 60(b) motion, after the notice of appeal and before the due date for the appeal on the record for proceedings. The motion explained that Okamura “waited to file the Notice of Appeal on Record of Proceedings, anticipating a Notice from the court that the decision of the court [regarding the Motion for Reconsideration] had been docketed.” The plaintiff acknowledges that the court denied the motion for reconsideration from the bench on March 15, 2013 and that she knew the motion had been denied as of that date.
Here, Okamura contends that the trial court abused its discretion in denying the motion for late filing. ‘To determine whether there was an abuse of discretion, we look to see whether the [trial court’s] exercise of discretion was characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010), quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986). Okamura argues that the notice of appeal is the “only jurisdictional requirement” and that the appeal on the record of proceedings “is merely procedural in nature” and should not be “deemed fatal” to a meritorious appeal.
The motion for late filing sought relief due to a pending Rule 60(b) motion. It is well established that a motion for relief brought pursuant to Rule 60 (b) “does not toll the time limit for taking appeals in civil actions.” Friedman v. Board of Registration in Med., 414 Mass. 663, 665 (1993). See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995).[2]
*44 As to the argument that the appeal on the record of proceedings “is merely procedural,” we respond “that the essence of a Rule 8C appeal is the transcript. It is only. upon receipt of the transcript from the transcriber that Rule 8C appeal is completed in the trial court, the appeal can be transmitted to the Appellate Division, and preparation may begin for the presentation of written and oral argument. The only rational construction of Rule 8C is that all procedural steps mandated for the perfecting of a Rule 8C appeal, including the transcription of the trial, must be completed expeditiously.” Lashus v. Slater, 2009 Mass. App. Div. 89, 91-92, quoting Frankston v. Ferme, 2007 Mass. App. Div. 203, 205.
Okamura is correct that the court prefers to address the substance of an appeal. On the other hand, the court must balance that interest with “the equally fundamental interest, shared by both the court and the appellee, in the finality of judgments.” Id. at 91.
As to whether the trial court abused its discretion in denying Okamura’s motion for late filing, we conclude that there was no abuse of discretion. The order of the trial court is affirmed and the appeal denied.
So ordered.

 We note that in an amendment to Dist./Mun. Cts. R. A D. A, Rule 4(a) (2), effective May 1, 2013, where a Rule 60 motion for relief from judgment is served within ten days after entry of judgment, then the ten-day time for appeal shall run from the order granting or denying any such motion. “A notice of appeal filed before the disposition of [a motion for relief from judgment] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.” Rule 4(a). The dates relevant to this appeal all precede the effective date of the amendment and in any event, Okamura’s motion would have had no tolling effect as it was served beyond the ten-day period.