Williams, P.J.
In 2010, the plaintiff, David DeMello, d/b/a National Bleach Company (“DeMello”), a seller of chemicals, brought this action against the defendants, Cape Cod Spas and Pools, Inc. (“Cape Cod Spas”) and Robert Shaughnessy (“Shaughnessy”), for breach of contract, violation of G.L.C. 93A, and pursuant to an account annexed. After default judgment had entered against the defendants, they sought relief on the grounds of defective service of process and, as to Shaughnessy, that he could not properly be found personally liable. That relief was denied, and Shaughnessy, only, has appealed. We dismiss the appeal as untimely.
DeMello’s action was filed in New Bedford District Court in July, 2010. A return of service declares that “last and usual” service was made on Shaughnessy in East Falmouth on July 30, 2010. The deputy’s return as to Cape Cod Spas indicated that after a diligent search that day, he could not find that party in Barnstable County. He returned to the same East Falmouth address on August 12, 2010, though, and made “last and usual” service on Cape Cod Spas “(c/o Robert W. Shaughnessy, Agent)” that day.[3] Neither defendant appeared and defended, and on October 15, 2010, they were defaulted, and judgments entered against them.
After supplementary proceedings began, the defendants filed, on January 10, 2013, a motion to remove the default, arguing that service of process had been deficient.[4] That motion, considered a Rule 60(b) motion for relief from judgment, was *197 denied on February 12, 2013. Eight days later, on February 20, 2013, Shaughnessy, only, filed a motion for reconsideration, urging that the judgment against him be vacated pursuant to Mass. R. Civ. E, Rule 60(b) (6), not because of deficient service, but because he should not be held personally liable for the debt asserted in the complaint. DeMello, for his part, argued that the motion should not even be entertained since Shaughnessy was simply repeating arguments made in his original motion for relief. The motion judge denied without comment Shaughnessy’s motion for reconsideration on February 26, 2013. On March 7, 2013, the defendants filed a general notice of appeal. DeMello moved to strike that deficient notice. The defendants were permitted to file an amended notice, and did so on April 18, 2013.
DeMello argues that Shaughnessy’s appeal was untimely, and, in essence, moves to dismiss the appeal. He notes, citing Dist./Mun. Cts. R. A D. A., Rule 4(a), and Advo, Inc. v. Beninati, 2005 Mass. App. Div. 95, 96, that in order to secure appellate review of the denial of a Rule 60(b) motion, an appellant must file a notice of appeal within ten days of that denial. Despite DeMello’s reasonable reliance on Advo, Inc., we are compelled to note that Rule 4(a) did not include Rule 60(b) motions in its ten-day ambit until May 1,2013 — a date after the court events here.[5] Indeed, at the time period relevant here, it was “well established that a motion for relief brought pursuant to Rule 60(b) ‘d [id] not toll the time limit for taking appeals in civil actions.’” Wells Fargo Bank, N.A. v. Okamura, 2014 Mass. App. Div. 42, 43 & n.2, quoting Friedman v. Board of Registration in Med., 414 Mass. 663, 665 (1993). See Citibank (South Dakota) NA v. Surabian, 2013 Mass. App. Div. 45,47 n.4. Nevertheless, there can be only two deadlines for an appeal here. One would have been ten days after the entry of the default judgment, in October, 2010. Such a deadline seems wholly unreasonable, and implementing that generally would clearly foreclose any appeal possibilities for many defaulted defendants, including Shaughnessy here. The only *198 appeal period available under our rules, in the absence of a motion to enlarge time under Dist./Mun. Cts. R. A D. i, Rule 4(c) or 14(b) (and there were no such motions here), is the ten days provided in Rule 4(a). And the only logical triggering date — suggested years ago in Advo, Inc. and implemented in Rule 4(a) (2) since May, 2013 — is ten days after the ruling on the Rule 60(b) motion for relief from judgment.
Here, the defendants’ Rule 60(b) motion for relief from judgment was denied on February 12, 2013. The defendants, we find as suggested above, had ten days, or until and including February 22, 2013, in which to file an appeal. Instead of filing a timely appeal notice, Shaughnessy alone filed, on February 20, 2013, a motion for reconsideration. That motion did not toll the appeal period. Global NAPS, Inc. v. Awiszus, 457 Mass. 489, 493 (2010). See also Stephens v. Global NAPS, 70 Mass. App. Ct. 676, 681 (2007); Yellow Book of N. Y, Inc. v. Boston Shiatsu School, Inc., 2007 Mass. App. Div. 111; Advo, Inc., supra at 96 (motion for reconsideration did not toll time for appeal and did not preserve for review any issues raised by that motion). The defendants did not file a notice of appeal until March 7,2013. That notice was 13 days late. Dismissal of the appeal is warranted by that “serious misstep.” See, e.g., City of Revere v. Gray, 2011 Mass. App. Div. 48, 50, quoting Samia v. D’Annunzio, 2001 Mass. App. Div. 31, 32.
The notion that the appeal was one from the motion judge’s denial of Shaughnessy’s motion for reconsideration, see note 5, supra, filed on February 20, 2013 and denied on February 26, 2013, does not aid Shaughnessy. Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 96 n.6 (2004) (“[T]he notice of appeal from the denial of the motion for reconsideration would not have been sufficient by itself to preserve appellate rights with respect to the denial of the rule 60[b] motion.”). See also Tiede v. James Joyce, Inc., No. 13-P-136 (Mass. App. Ct. December 18,2013) (unpublished Rule 1:28 decision); Advo, Inc., supra at 97 (“The simple denial of the defendant’s motion for reconsideration indicates that the judge declined to consider the motion on its merits for a second time.”); Burns v. Pungitore, 1996 Mass. App. Div. 156, citing Gerald J. Betro & Co. v. D’Agostino, 1990 Mass. App. Div. 79 (motion for reconsideration based on same matter argued to motion judge in original Rule 60(b) motion “does not present an appropriate circumstance for the Court [Appellate Division] to entertain an appeal from such a denial”).
Finally, we observe that even had Shaughnessy’s appeal been timely filed, we would not find that the motion judge had abused his discretion in denying Shaughnessy’s Rule 60(b) motion for relief. “‘Resolution of a rule 60(b) motion rests in the discretion of the trial judge, and we “will show marked deference to the lower court’s resolution of such a motion.’” Raheman v. Raheman, 59 Mass. App. Ct. 915, 916 (2003), quoting Cullen Enters. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 894 (1987).” Gaskins v. Roden, No. 13-P-1283 (Mass. App. Ct. August 19, 2014) (unpublished Rule 1:28 decision). “To determine whether there was an abuse of discretion, we look to see whether the [trial court’s] exercise of discretion was characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.’ Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010), quoting Greenleaf v. Massachusetts Bay Transp. Auth., 22 Mass. App. Ct. 426, 429 (1986).” Wells Fargo Bank, NA, supra at 43. See also Townhomes of Beverly v. Luangrath, No. 13-P-933 (Mass. App. Ct. July 11, 2014) (unpublished Rule *199 1:28 decision), quoting Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987) (“[W]e will only overturn a judge’s decision [on a motion to vacate judgment under Rule 60(b)] ‘upon a showing of a clear abuse of discretion.’”); Qiuliano v. Vacca, 2004 Mass. App. Div. 154, 155-156, quoting DeKarz v. V&V Roofing, Inc., 1998 Mass. App. Div. 21, 22 (“ [T]rial judge’s decision in ... denying a motion to set aside a default is ‘not generally disturbed on appeal.’”). We would not disturb the denial here.
Shaughnessy, chiefly in reliance upon DeKarz, urges that the motion judge erred in denying his motion to set aside the default because the allegations of DeMello’s complaint were insufficient to support a finding that Shaughnessy could be personally liable to DeMello. DeMello alleged in his complaint, in essence, that Shaughnessy provided to DeMello “several checks from several corporate entities that he owns and/or controls, which were returned due to ‘insufficient funds’ and/or as ‘uncollected funds.’” He alleged further that Shaughnessy had “intentionally evaded payment of this debt and then abandoned the business operated as Cape Cod Spas & Pools, Inc., without notice to creditors, without any reserve for unpaid debts, and transferred assets of the same without fair and reasonable consideration, all in an effort to evade creditors such as [DeMello].” All these allegations are taken as true for the purposes of establishing liability. See, e.g., Kartell v. Geane, 2011 Mass. App. Div. 160, 160-161, citing Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. App. Ct. 667, 676 (2001). It is not difficult to conceive that such conduct could be found to fall within the “the zone or ‘penumbra of some common-law, statutory, or other established concept of unfairness’” so as to trigger G.L.c. 93A liability. Castricone v. Mical, 74 Mass. App. Ct. 591, 601 (2009), quoting PMP Assocs. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975). Finally, DeMello alleged further that the parties were “businessmen” under the ambit of G.L.c. 93A Although Shaughnessy apparently argues that a G.L.c. 93A claim could not proceed absent a demand letter, because the parties were “businessmen,” DeMello was proceeding under G.L.c. 93A, §11, which section does not require such a letter.
We would not find that the motion judge had abused his discretion in finding that DeMello’s allegations sufficed to support recovery against Shaughnessy for a violation of G.L.c. 93A.
The appeal is dismissed.

 The complaint alleges, and evidence in the record shows, an address for Cape Cod Spas at 699 Teaticket Highway in East Falmouth — obviously a different address than the 44 Stowers Street, East Falmouth, where service was effected.

 It is worth noting that all parties here were not surgically precise with nomenclature, commonly referring to the defendants as “Cape Cod Spas & Pools, Inc. et al.” and then using “defendant” and “defendants” somewhat interchangeably. (The most careful designation of the parties in the record is found in the process server’s return of service for the supplementary process action in which he notes in-hand service “to the within named Defendant, Robert Shaughnessy, Individually & as authorized agent accepting civil process for the within named Defendant, Cape Cod Spas & Pools, Inc., at 44 Stowers Street, East Falmouth MA 02536.”)

 At the time of the events in this case, Dist./Mun. Cts. R. A. D. A., Rule 4(a) (2), provided in pertinent part that “[i]f a post-judgment motion under the District/ Municipal Court Rules of Civil Procedure is timely served or filed in the trial court, as the case may be, by any party... (2) under Rule 59 to alter or amend judgment..., the ten-day time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.” That rule was amended, effective on May 1,2013, to read: “(2) to alter or amend a judgment under Rule 59 or for relief from judgment under Rule 60, however titled, if either motion is served within ten days after entry or judgment...” (emphasis supplied). See Wells Fargo Bank, NA. v. Okamura, 2014 Mass. App. Div. 42, 43 & n. 2. The Appellate Division in Advo, Inc., some eight years before this amendment, declared, citing Rule 4(a) and Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, that “ [t] o secure appellate review of his Rule 60(b) 0) motion, the defendant was required to file a notice of appeal within ten days of the July 14,2004 denial of that motion.” Advo, Inc., supra at 96. This Division is further constrained to note that Georgantis concerns the failure of a timely Rule 8C designation and failure to establish “good cause” for a Rule 14(b) extension of time, and does not address the tolling of appeal periods.