Williams, PJ.
The defendants, Bahig F. Bishay and Mary Costello, a/k/a Mary Bishay (together, “Bishay”), appeal from the denial of certain motions, chiefly one “to reopen” the case. We need not analyze overmuch the merits, if any, of this matter because we dismiss, sua sponte, the appeal for lateness and a deficient notice of appeal.
litigation concerning the subject of this action — certain real property in Westwood — began more than 13 years ago, in 2001, with a judgment against Bahig F. Bishay in Brighton District Court The plaintiff here, Harvard 45 Associates, LLC (“Harvard 45”), became involved in about 2004 as a buyer of that Westwood property. litigation has swirled in Norfolk Superior Court, Dedham District Court, the Appeals Court, and this Division since. There was a lull in litigation activity of more than five years between August 2008, when Dedham District Court issued a writ of execution to Harvard 45 for possession of the properly, and December, 2013, when Bishay filed a motion “to reopen *21 case,” with certain subsequent relief. That motion, the subject of this appeal, was denied on December 12,2013. Bishay appealed to this Division on January 9,2014.
Bishay had ten days from the motion judge’s December 12,2013 denial of the motions, or until and including December 23,2013, in which to file a notice of appeal. Dist/Mun. Cts. R. A. D. A, Rule 4(a). The notice, filed on January 9,2014, was 17 days late. “Rule 3 of the Dist/Mun. Cts. RAD.A mandates that an appeal to the Appellate Division ‘shall be taken by filing a notice of appeal together with the filing fee required by law with the clerk of the trial court within the time allowed by Rule 4.’ Rule 4 (a), in turn, requires that the required notice of appeal ‘shall be filed with the clerk of the trial court within ten days after the date of the entry of the judgment in the case being appealed.’” Citibank (SD.) NA v. Surabian, 2013 Mass. App. Div. 45, 46, quoting Plavin v. Lutts, 2000 Mass. App. Div. 58, 59.[2] “It is elementary that a party’s right to appellate review hinges on strict adherence to appellate procedural rules.” Id. at 4647, citing Cusick v. Carver, 2005 Mass. App. Div. 45 n.3. See generally Massachusetts Higher Educ. Assistance Corp. v. Daly, 1996 Mass. App. Div. 47, quoting Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79-80 (1975) (“Not every failure by the appellant to comply with the requirements of appellate procedure necessitates the dismissal of an appeal. Nonetheless, failure to comply with the time provisions for filing a notice of appeal is not a ‘relatively innocuous’ misstep.”) . At no time did Bishay seek leave, further to Dist/Mun. Cts. RAD.A, Rules 4(c) or 14(b), to enlarge the time prescribed by the rules for filing the appeal. See, e.g., Oxford Business Brokers, Inc. v. Moriarty, 2014 Mass. App. Div. 130, 130-131; Goldman & Pease, LLC v. Collins, 2011 Mass. App. Div. 240, 241. “Even though not specifically argued by [Harvard 45], [Bishay’s] initial failure to file a notice of appeal within ten days from the [denial of the motion] was a ‘serious misstep,’ warranting dismissal of the appeal.” City of Revere v. Gray, 2011 Mass. App. Div. 48, 50, citing Samia v. D'Annunzio, 2001 Mass. App. Div. 31, 32. Such a dismissal may be effected sua sponte by this Division. See, e.g., Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78.
Additionally, the total substance of the notice of appeal was its reference to “the three Orders entered on December 12, 2013, respecting the following Motions: Defendants’ Motion 1. To Reopen Case; II. For Declaratory Relief Pursuant to G.L. ch. 236, Sec. 28 & G.L. Ch. 260, Sec. 21; and DI. To Schedule Assessment of Damages Hearing.” There was no “concise statement of the issues of law presented for review,” as required by Dist/ Mun. Cts. R A D. A, Rule 3(c) (2). “[T]he complete omission of any statement of issues sought to be raised on appeal should result in a forfeiture of the right to appellate review.” HRI Servs., Inc. v. LSZ, Inc., 2014 Mass. App. Div. 52, 54, quoting East Coast Mechanical v. O’Leary, 1997 Mass. App. Div. 66. See also Randolph v. Madison Sq. Realty Mgt., Inc., 2008 Mass. App. Div. 186, 187; Magni v. Patriot Home Improvement, 2008 Mass. App. Div. 21, 22; Arequipeno v. Hall, 2000 Mass. App. Div. 97, 98 n.3, quoting Pettie v. Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 42 (“‘ [A] complete omission of any statement of issues in a notice of appeal may well result in a forfeiture of any right to appellate review,’ particularly in a Rule 8A or 8B appeal.”); New England Tech. Sales Corp. v. SEEQ Tech., Inc., 1996 Mass. App. Div. 191, 192 (omission of issue from notice of appeal “effectively placed [issue] beyond the limits of appropriate appellate review”). Given this grievous *22 deficiency, the appeal was doubly flawed, even though, despite the fact that the notice of appeal signals no claimed errors of law, the parties briefed and argued some issues.
Looking beyond the fetal procedural defects of this appeal, we would have doubts concerning at least the extreme lateness of Bishay’s purported appeal (besides the late notice of appeal) and of Bishay’s right of appeal at all from the denial of the motions. As indicated above, we do not decide the case on its merits. Cf. University of Pa. v. Halpern, 2009 Mass. App. Div. 172 n.1. We nevertheless make some observations about the case.
We understand that the issue on which Bishay grounded the motion to “reopen” the case was the sheriffs sale of the Westwood property in 2004, and, specifically, the claim that the notices for the sale, required by G.L.c. 236, §28, were defective since they were not published in “a newspaper published in the town where the land lies” — Westwood — but, rather, were published in Quincy. Bishay’s motion, the denial of which Bishay would now appeal, sought to “reopen” the case so as to be able to press that argument, which would lead to a declaratory judgment that the 2004 deed conveying Bishay’s interest in the property to Harvard 45 was “null and void,” which judgment would in turn lead to a hearing to determine damages due Bishay since Harvard 45 evicted Bishay from the property in September, 2008.
This Division is provided no authority that the subject denial is an appealable order. The closest analogy to a motion to “reopen” the case — which label suggests an attempt to avoid captioning the motion one for relief from judgment — would be a motion for relief from judgment made pursuant to Mass. R. Civ. P., Rule 60(b). “Rule 60 sets forth a comprehensive framework for obtaining relief from a final judgment or order, balancing the competing needs for finality and flexibility to be certain that justice is done in light of all the facts.” Mt. Ivy Press, L.P. v. Defonseca, 85 Mass. App. Ct. 241, 245 (2014), quoting Sahin v. Sahin, 435 Mass. 396, 399-400 (2001). Considering Bishay’s motion as one made under Rule 60(b), it was clearly filed well beyond the one-year period for filing any such motion under Mass. R. Civ. P., Rule 60(b) (1), (2), or (3). Motions filed under Rule 60(b) (4), (5), and (6) must be “made within a reasonable time.” “This obligation includes a duty of due diligence, that is, a reasonably fair effort to make timely inquiry.” St. Paul Fire & Marine Ins. Co. v. Department of Indus. Accidents, No. 13-P-1118 (Mass. App. Ct. Aug. 22,2014) (unpublished Rule 1:28 decision), citing, inter alia, J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §60.8 (2d ed. 2007). What would constitute a “reasonable time” would be a matter for the motion judge’s discretion. Roberts v. Campbell, No. 12-P-1715 (Mass. App. Ct. Nov. 25, 2013) (unpublished Rule 1:28 decision). It does not require much imagination to assume that the motion judge here deemed the motion much too little, much too late.
Indeed, the general “‘[rjesolution of a rule 60(b) motion rests in the discretion of the trial judge, and we “will show marked deference to the lower court’s resolution of such a motion.’” Raheman v. Raheman, 59 Mass. App. Ct. 915, 916 (2003), quoting Cullen Enterprises v. Massachusetts Property Ins. Underwriting Assn., 399 Mass. 886, 894 (1987).” Gaskins v. Roden, No. 13-P-1283 (Mass. App. Ct. Aug. 19, 2014) (unpublished Rule 1:28 decision). To determine whether there was an abuse of discretion, we look to see whether the trial courts exercise of discretion was characterized by ‘“a clear error of judgment in weighing the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9,15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives.” L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). See also Townhomes of Beverly v. Luangrath, No. 13-P-933 (Mass. App. Ct. July 11, 2014) (unpublished Rule 1:28 decision), quoting Scannell v. Ed. Ferreirinha *23 & Irmao, Lda., 401 Mass. 155, 158 (1987) (“[W]e will only overturn a judge’s decision [on a Rule 60(b) motion] ‘upon a showing of a clear abuse of discretion’”); Giuliano v. Vacca, 2004 Mass. App. Div. 154, 155-156, quoting DeKarz v. V&V Roofing, Inc., 1998 Mass. App. Div. 21, 22 (“[T] rial judge’s decision in ... denying a motion to set aside a default is ‘not generally disturbed on appeal’”).
Certainly, the judge was not required to “reopen” the case, in which judgment entered in 2008, especially on the basis of a claimed irregularity with a sheriffs sale in 2004, knowledge about which Bishay would or should have presumably had in 2004 and ever since, and argument about which Bishay could have raised in any of the various fora through which the matter of this case has crept in the past ten years. The motion judge “could conclude in [her] discretion that, in the interests of finality, the judgment should stand.” Trerice v. Zorin, No. 13-P-679 (Mass. App. Ct. Oct 7, 2014) (unpublished Rule 1:28 decision), citing Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 361-362 (2008). Noteworthy here, too, is the fact that the judgment in this case entered in April, 2008. Bishay sought to appeal that judgment to this Division. Bishay’s motion to waive the appeal bond was denied for failure to establish indigency and to set forth a nonfrivolous defense. Bishay appealed that decision to the Appeals Court, which affirmed this Division’s decision and order. Harvard 45 Assocs., LLC v. Bishay, No. 08-P-1398 (Mass. App. Ct. Jan. 26, 2010) (unpublished Rule 1:28 decision). That appeal did not materialize here until now, more than four years later.

 As noted, Rule 3(a) requires that the notice of appeal be accompanied by “the filing fee required by law.” Whether or not that fee was paid is not reflected in the docket.